LUDWIG C. MEYER and another, Respondents, *v.* LUTHER C. CLARK and others, Appellants.

An error in the charge of the court to a jury is not cured by a retraction of the charge, upon exception being taken to it, where such retraction is accompanied by the remark of the judge "that he had no doubt of the propriety of it" (the original charge).

Where a witness for the plaintiff was, at the time of the transaction in litigation, in the employment of the plaintiff, and about whose acts in such employment the controversy arose,—*Held* error to instruct the jury that, upon the question of his credibility, the jury might take into considera-

tion his continued employment by the plaintiff after the transaction, and that the retraction by the judge of this instruction (when excepted to), with the remark that he had no doubt of its propriety, did not cure the error,

The plaintiff having contracted to deliver to the defendant $25,000 in gold, at a certain rate, a dispute arose between the parties as to whether he had fulfilled the agreement, or had fallen short $5,000. *Held*, that the receiving back by the plaintiff of $20,000, which the defendant claimed, was all that had been delivered, and the re-delivery of this, together with $5,000 more, by the plaintiff, and receiving payment therefor, under the protest on his part that he had already delivered the whole $25,000, and that he delivered the additional $5,000 as an independent transaction, and not under the contract, was no estoppel to his action to recover the price of the controverted $5,000 claimed by him to have been included in the first delivery.

(Argued March 24; decided April 4, 1871.)

APPEAL from the judgment of the General Term of the New York Common Pleas affirming a judgment for the plaintiffs upon a verdict at the trial term — BRADY, J., presiding.

The action was to recover for $5,000 in gold, at the rate of 212 per cent, claimed to have been delivered by the plaintiffs, through their clerk, Corneilson, to the defendants, on the 26th of September, 1864. It appeared that the plaintiffs had contracted to deliver the defendants, on that day, $25,000 in gold, at 212½. The plaintiffs gave evidence tending to show that they sent their clerks, Corneilson and Kirholtz, with five bags, containing $5,000 of gold each, to the defendants' banking-house; that it was placed on the defendants' gold desk, and Kirholtz left while the defendants' clerk was in the act of taking the bags one by one from Corneilson at this desk. While so doing, one of the bags disappeared. The defendants' evidence tended to show that but four bags were delivered to the defendants by Corneilson. The defendants returned the four bags to the plaintiffs' clerk, on his refusing to leave them without payment for the whole $25,000. The plaintiffs re-delivered the four bags and, on the defendants notifying them to perform by delivery of $5,000 more, sent another bag of $5,000, under protest that they had already delivered $25,000, and without prejudice to their rights. The

plaintiffs have received payment for $25,000 in gold, and they now sue to recover for the alleged $5,000 delivered on the first day. The other facts are sufficiently stated in the opinion of the court.

*John E. Burrill*, for the appellants, upon the effect of the retraction of the judge's charge, mentioned in the opinion, cited *Penfield* v. *Carpenter* (13 Johns., 350); *Irvine* v. *Cook* (15 id., 239); *Haswell* v. *Bussing* (10 id., 128); *Erben* v. *Lorillard* (19 N. Y., 299).

*T. C. T. Buckley*, for the respondent.

By the Court—PECKHAM, J. The doctrine of voluntary payments, so urgently pressed at the argument, has no application to this case. The contract was to deliver $25,000 in gold at 212½ per cent, payable on delivery. The plaintiffs claimed to have delivered it as agreed, five bags of $5,000 each. The defendants insisted that only four bags, or $20,000, had been delivered, and paid for but four bags. Three days afterward the defendants delivered the other $5,000. The plaintiffs say, in substance: "We insist we have already delivered you $25,000, as agreed; and protesting we are not bound to do this, yet we will deliver you $5,000 more at 212½, and we will take our remedy for the $5,000 delivered and not paid for."

Thus, then, the last bag was delivered and the last bag was paid for. The defendants paid for that specific bag and the plaintiffs received pay for that specific bag. This is conceded. Then that last bag is not in controversy here.

The action is for the bag of $5,000 gold claimed by plaintiffs to have been delivered to defendants on the 26th of September, when they say they delivered five bags and the defendants say they delivered but four, and when confessedly defendants paid for but four.

Now what possible defence to the claim for payment for the fifth bag of gold which the jury find was delivered on the 26th

and not paid for, is it to say that three days thereafter the plaintiffs delivered another bag of gold to defendants and received their pay for it?

This last bag did not pay for the other. That is not pretended. Nor did it estop the plaintiff from claiming pay for the other. That is not pretended.

Clearly the bag claimed to have been delivered and not paid for, was not a case of voluntary delivery nor a gift. This cannot be disputed. If the last bag was voluntarily delivered it is of no consequence, because, 1st. It was paid for; and, 2d. It is not sued for.

When the last bag was delivered gold was doubtless higher than $212\frac{1}{2}$ or the defendants would not have pressed for its delivery. But it was demanded at that, delivered and paid for at that. If it had been worth 250 the plaintiffs could not recover the difference, because as to that difference the principle of voluntary payment would apply. This is the extent of its application to these transactions.

Some other questions were argued not deemed important to consider, as a new trial must be had for an error in the charge of the judge, and on another trial they may assume a different aspect. The point already discussed is necessarily in the case.

The court charged the jury that they might take into consideration as bearing upon the credibility of Corneilson the fact of his continued employment by the plaintiffs after the transaction. Exception by defendant's counsel.

The judge then charged that inasmuch as the counsel had excepted to the charge upon this point, he would retract it, though "he had no doubt" about its propriety.

The fact that the plaintiffs had continued the witness in their employment after the dispute had arisen as to this gold delivery was not a fact which the jury could consider in deciding upon his credibility.

The plaintiffs had no personal knowledge of the transaction, even if that could be thrown in to sustain the witness or strengthen his character. Their belief in his truth was of not

the slightest moment to the jury.    Besides, a party may quite as well retain in his employ one about to be a witness for him in an important controversy for other reasons than entire faith in his truth.    The charge was well calculated to mislead.    Nor was the error cured by the qualified retraction. A party is entitled to a distinct charge without qualification or condition, if entitled at all.    A court has no right to break the force of a charge by saying that, true he will charge so, but still he does not believe it to be law.    The jury in such case may well act upon what the judge tells them he believes to be the law.    They may well say, the judge told us he believed that to be the law ; that he had no doubt of it ; of course he knows what the law is.    Why, then, should we not act upon the law as it is?

This is wrong and wholly mischievous in its tendency. Here was a close question of fact before the jury.    In its consideration, it was important that the jury should not be misled as to the faith to be given to either side.    For this error in the charge the judgment is reversed and a new trial granted, costs to abide the event.

All concurring in the result, judgment reversed.