DAVID H. HARVEY AND CHARLES G. EDDY, RESPONDENTS, *v.* EDWARD M. WALKER, APPELLANT, IMPLEADED WITH CHARLES F. WALKER.

*Denial by defendants, upon information and belief, that they are partners — hearsay evidence as to a partnership — use of words " & Co."*

In an action brought in a justice's court to recover the value of goods sold and delivered to the defendants, the complaint alleged that the defendants were copartners and that the plaintiffs sold and delivered goods to the defendants as copartners. The defendants answered separately, and each denied, upon information and belief, each and every allegation contained in the cause of action set forth in the complaint. Plaintiffs' counsel asked that the answers be stricken out and be treated as nullities, as the defendants could not deny, upon information and belief, matters within their personal knowledge, which request the justice granted and gave judgment for the plaintiffs upon the evidence given before him.

*Held,* that the court erred in granting the motion to strike out the answers.

That the allegation of the partnership of the defendants was an allegation requisite to the cause of action, and, therefore, was covered by the denial.

That the admission of testimony that one of the defendants stated to one of the plaintiffs that one Walker, the other defendant, was his partner, was inadmissible and hearsay as to such other partner, and that it was improperly received in evidence as against him.

That evidence to the effect that one of the defendants used the words " & Co." after his name, and represented that the other defendant was his partner, was also incompetent.

APPEAL by the defendant Edward M. Walker from a judgment of the County Court of Rensselaer county, entered in the office of

the clerk of the county of Rensselaer on the 27th day of May, 1890, affirming a judgment of the Justices' Court of the city of Troy.

The action was brought in the Justices' Court of the city of Troy, by which judgment was rendered on January 22, 1890, in favor of the plaintiffs.

The plaintiffs, in a verified complaint, set forth three causes of action against the defendants for goods sold and delivered to the defendants. These causes of action are separately set forth in three separate paragraphs, numbered first, second and third. The first paragraph alleges that the defendants were copartners, etc., and that the plaintiffs sold and delivered goods to the defendants as copartners, etc. The second alleges that Hiram T. Whited sold and delivered to defendants, as copartners, certain other goods, etc., and assigned the demand to plaintiffs. The third alleges that Truman E. Ingalls sold and delivered other goods to defendants as copartners, etc., and assigned the demand to plaintiffs.

The defendants answered separately and denied, upon information and belief, each and every allegation contained in the pretended first cause of action set forth in said complaint, and in like form separately as to the second and third causes of action. Each answer was verified in the usual form. After the issue was joined, plaintiffs' counsel asked the court to strike out the answers of both defendants and treat them as nullities, upon the ground that the answers were not in the form permitted by the Code, since the defendants could not deny upon information and belief matters within their personal knowledge, and that the verification of such an answer is contrary to the Code. The justice reserved his decision upon the motion, but afterwards treated the answers as nullities, and upon the evidence taken upon the trial rendered judgment for the plaintiffs. From this judgment the defendant Edward M. Walker appealed.

*H. D. Bailey*, for the appellant.

*J. A. Cipperly*, for the respondents.

LANDON, J. :

A denial in a verified answer made upon information and belief, is good. (*Bennett* v. *Leeds Manfg. Co.*, 110 N. Y., 150.) The plaintiffs insist that the denial went to the allegations contained in

the first cause of action, and that the allegation of the partnership of the defendants was not any allegation requisite to the cause of action, and, therefore, is not covered by the denial. The answer evidently goes to the allegations of the paragraphs of the complaint as numbered, and thus covers the allegation of partnership. Besides the allegation of each paragraph of the complaint is that the goods were sold to the defendants as partners, and thus a partnership in their purchase, if not general, was an essential part of plaintiffs' case. The court erred, therefore, in disregarding the answers, and that error requires a reversal, unless the plaintiffs proved their case by evidence admissible, notwithstanding the objections thereto interposed by the defendants.

The main question of fact seems to have been whether the appellant Edward M. Walker was a partner of his co-defendant. Charles G. Eddy testified that he sold the goods to C. F. Walker, and that C. F. Walker, prior to the sale, told him that Edward M. Walker was his partner. This was objected to as inadmissible and hearsay as against Edward M. Walker. It clearly was so, and it was error to overrule the objection and receive the testimony. There was abundant evidence that C. F. Walker used the name of C. F. Walker & Co. and represented that Edward M. Walker was his partner. This evidence was received notwithstanding appellant's objections. It was not admissible. There is slight, if any, evidence competent against Edward M. Walker showing that he was such partner.

The judgment against him should be reversed, with costs.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment against Edward M. Walker reversed, with costs.