## HENRY HUBER CO. v. McALLESTER.

(City Court of New York, General Term.   December 22, 1892.)

PLEADING—SHAM ANSWER—STRIKING OUT.

> In an action for goods sold and delivered, defendant's answer, admitting the sale, but denying the amount or reasonable value of the goods, will be stricken out as sham, where plaintiff's proof shows that defendant acknowl-edged the debt, and promised to confess judgment, in a letter written after suit threatened, and defendant's affidavit in answer to the motion fails to point out any defense.

Appeal from special term.

Action by the Henry Huber Company against Henry W. McAllester for goods sold and delivered.   From an order striking out defendant's answer as sham, defendant appeals.   Affirmed.

The first paragraph of complaint alleges a sale of goods between January 17, 1891, and September 12, 1891, by the firm of Henry Huber & Co. to defend-ant, of the value of $241.48, no part of which has been paid.   The second para-graph alleges an assignment of this claim by the seller to the plaintiff, a foreign corporation having a principal office in the city of New York.   The third para-graph, for a separate cause of action, alleges that plaintiff is a foreign corpora-tion having a principal office in the city of New York.   The fourth paragraph alleges a sale of goods by plaintiff to defendant between February 2, 1892, and March 18, 1892, of the reasonable value of $42.05, and admits payment of 94 cents. The answer, omitting formal parts, is as follows:

"First. He admits the allegation in the first and fourth paragraphs of the complaint that the firm of Henry Huber & Company and the Henry Huber Com-pany sold him certain goods, wares, and merchandise, but he denies each and every other allegation in said paragraphs contained.   Second.   Defendant has no knowledge or information sufficient to form a belief as to the facts stated in the second and third paragraphs of plaintiff's complaint, and therefore he denies the same."

Argued before EHRLICH, C. J., and NEWBURGER, J.

D. S. Decker, for appellant.
Langbein Bros. & Langbein, for respondent.

EHRLICH, C. J.   The proofs on the part of the plaintiff clearly show that the defendant never supposed he had any defense to the ac-tion.   He practically acknowledged the debt in a letter written after

suit was threatened, and promised to make no trouble, but confess the debt. The defendant's affidavit in answer to the motion fails to point out any defense. He ought, under the circumstances, to have disclosed something meritorious in answer to the motion for judgment. Though courts seldom grant motions to strike out sham defenses, the power exists, (Code, § 538,) and may be exercised where it is apparent that the object of the plea was merely to create delay, annoy the plaintiff, or trifle with the court, (Hadden v. Manufacturing Co., 1 Daly, 388.) While such power exists it must be sparingly exercised. It was not abused in this instance, and the order appealed from must be affirmed, with costs.