(5 Misc. Rep. 508.)

HUMBLE v. McDONOUGH.

(Superior Court of Buffalo, General Term. November 14, 1893.)

1. PLEADING—GENERAL DENIAL ON INFORMATION AND BELIEF.
    An answer that "defendant says that, upon information and belief, he denies each and every allegation," is, in substance, a general denial on information and belief.
2. SAME.
    Where a complaint to recover for services rendered as an architect fails to state who performed the services, or that plaintiff is an architect, or for whom the services were performed, or that defendant

promised to pay plaintiff anything, defendant may answer by a general denial on information and belief.

**3. SAME—MUNICIPAL COURT.**
Under the charter of the city of Buffalo, which regulates actions in the municipal court, the only way of objecting to the sufficiency of a pleading is by demurrer.

**4. SAME—STRIKING OUT ANSWER AS SHAM.**
Where a denial "upon information and belief" raises a material issue tendered by the complaint, it cannot be stricken out as sham, though it be false. Per Hatch, J.

**5. SAME—RENDITION OF JUDGMENT.**
Under the charter of the city of Buffalo regulating actions in the municipal court, judgment cannot be rendered without proof, except when a verified complaint is filed and served, and defendant fails to answer. Per Hatch, J.

Appeal from municipal court.

Action by Frederick W. Humble against Thomas H. McDonough. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

J. W. Russell, for appellant.
Robert F. Schelling, for respondent.

WHITE, J. This is an appeal by the defendant from a judgment of the municipal court of Buffalo, entered against him May 27, 1893, for $40.80 damages and $4.85 costs. The complaint was probably intended to allege a cause of action arising out of the employment of the plaintiff as an architect by the defendant, and the rendition of services by the plaintiff for the defendant under such employment. The defendant interposed an answer, the language of which, so far as it is material to the question here, is, "The defendant says that, upon information and belief, he denies each and every allegation in the said complaint contained." If the words "says that" were omitted from the answer, it would, unquestionably, be a strict and literal denial upon information and belief, within the provisions of the Code; and, as it stands, I think it is, in substance, a general denial upon information and belief, and good, within the cases of Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. Rep. 669, and Jones v. Ludlum, 74 N. Y. 61, which overrules the case of Arthur v. Brooks, 14 Barb. 533, and others relied upon by the respondent as authorities in his favor.

As the charter of the city of Buffalo, however, regulates and prescribes the form of pleadings in the municipal court, and the practice to be pursued in case a pleading is there claimed to be defective or insufficient, its provisions must govern and determine the disposition to be made of this appeal. The charter provides that in an action in the municipal court the complainant shall state, in a plain and direct manner, the facts constituting the cause of action, and that the answer may contain a denial of the complaint, or of any part thereof, and also notice, in a plain and direct manner, of any facts constituting a defense or counterclaim. It further provides that either party may demur to any pleading of his adversary, or to any part thereof, when it is not sufficiently explicit to enable him

to understand it, or if it contains no cause of action or defense, although it be taken as true, and, if the court deem the objection well taken, it shall order the pleading to be amended, and, if the party who interposed it shall refuse to amend, the defective pleading shall be disregarded. Where the parties appear by attorney, as they did in this case, the pleadings are to be in writing. The charter further provides that, when no answer is interposed, the plaintiff cannot recover, without proving his case, except in cases where a verified complaint is filed with the clerk when the summons is issued, and served with it on the defendant, as was done in this case. It will be observed that the only mode of objecting to the sufficiency of a pleading, under the charter, is by demurrer, whereupon the court is charged with the duty, if the demurrer seems to be well taken, of ordering the defective pleading amended, and, if the party ordered to amend refuses to do so, the defective pleading is thereafter to be disregarded. The record which has come up to us in this case fails to show that any demurrer was interposed to the answer, or that any amendment of the answer was ordered by the court. It is stated, simply, that the plaintiff objected to the answer, and that the court sustained the objection, whatever that may signify, and, of its own motion, struck out the answer. There does not appear to have been any attempt to comply with the statute in reference to the answer complained of, while, in order to deprive the defendant of his right to rely upon it as a defense, it was necessary to comply strictly with the law.

It is strenuously urged by the counsel for the respondent that the defendant was bound to deny the allegations of the complaint absolutely, and that he was not at liberty to deny them upon information and belief, on the theory that the truth or falsity of the facts alleged in the complaint must necessarily be true or false to the personal knowledge of the pleader. The rule sought to be applied in this respect should not prevail, because (1) the complaint does not state who performed the work, labor, and professional services mentioned therein, nor does it state that the plaintiff is an architect; (2) the complaint does not state for whom the alleged work was done; (3) the complaint does not state, as a fact, that the plaintiff ever performed any work for anybody; (4) the complaint does not state that the defendant ever promised to pay the plaintiff anything. The promise by the defendant, according to the complaint, was to pay for work done by an unnamed person as an architect, and in our opinion the complaint lacks those positive and direct allegations of fact which make it proper to require an absolute denial at the hands of the defendant, and deprive him of the privilege of denying them upon information and belief. The case at bar is not like that of Hentz v. Miner, (Sup.) 18 N. Y. Supp. 880, or Allen v. Patterson, 7 N. Y. 476, where, in the one case, an account between the parties was annexed to, and made a part of, the complaint, and in the other there was an allegation that the defendant was indebted to the plaintiff for goods sold and delivered by the plaintiff to the defendant at his request. If the answer had been permitted to stand, it may be that evidence would have been admissible, under the

issue formed by it, to show a cause of action in favor of the plaintiff, but in our opinion the form of the complaint was not such as to deprive the defendant of the right to answer it on information and belief. Strictness in pleading may be upheld by many decisions of the courts, but none, I think, will justify the strictness contended for by the plaintiff, as against the defendant in the case before us. The judgment appealed from should be set aside, and a new trial of the cause ordered in the municipal court of Buffalo, with costs of this appeal to abide the event.

HATCH, J., (concurring.) The complaint in this action alleges that defendant is indebted to the plaintiff in the sum of $40 for work, labor, and professional services performed by plaintiff at defendant's special instance and request, for which he promised and agreed to pay, but has failed therein, although demand for payment has been made. A copy of the complaint, duly verified, was served with the summons. On the return day of the summons, the defendant appeared and interposed a verified answer, in these words: "The defendant above named, by Fred Greiner, his attorney, for his answer to the complaint herein, says that, upon information and belief, he denies each and every allegation in the said complaint contained,"—and demands judgment dismissing the complaint, with costs. The plaintiff objected to the answer. Upon what ground does not appear,—presumably, however, that it is defective in form, and sham. The record recites that the objection was sustained, and an adjournment had for one day. Upon the adjourned day, the record states that the parties appeared. "Answer stricken out." Judgment was thereupon entered in favor of the plaintiff against the defendant for the sum claimed in the complaint, with interest and costs. The only proof made by the plaintiff, aside from the verified complaint, was the amount of interest accrued upon the demand. From these facts, several questions arise, upon which there is much lack of harmony in the cases.

It is now settled that a denial upon information and belief is authorized by section 500, Code Civil Proc. Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. Rep. 669; Wood v. Raydure, 39 Hun, 144. The requirement of the municipal court act is the same as the Code of Procedure, respecting denials in the answer. Charter, § 460. The form of the denial contained in the answer has been the subject of much discussion, and many opinions, in the supreme court, where, for the most part, the present form of denial was held bad. The case of Jones v. Ludlum, 74 N. Y. 61, overruled the construction of the supreme court, and holds such form good as a denial. A like view is also announced in Bliss, Code Pl. § 325; Espinosa v. Gregory, 40 Cal. 58. It is doubtless true, as claimed, that the allegations of the complaint show a personal transaction with defendant, of which he must have personal knowledge. He must know whether or not he requested plaintiff to perform work for him, for which he promised to pay. The answer, therefore, which the Code requires in such cases, where the denial can be truthfully made, must be upon personal knowledge; and where

the pleader adopts the other forms of denial, under such circumstances, he renders himself liable to a criminal prosecution. Wood v. Raydure, 39 Hun, 146;. Wayland v. Tysen, 45 N. Y. 285. Prior to the Code of Procedure, the general issue, pleaded at common law, could not be stricken out as sham, although shown by affidavit to be false. The general denial authorized by the Code is the equivalent of, and substitute for, the general issue. It should therefore be subject to the same rules. The power to strike out an answer as sham, in a court of record, is provided for by Code Civil Proc. § 538. This was derived from section 152, Old Code; the precise language being used, except the words "and irrelevant" are omitted. These sections confer no new power upon the court. They simply declared the pre-existing power. Wayland v. Tysen, supra. While neither of the Codes defined what constitutes a sham answer, yet the decisions are uniform that a false answer is a sham answer. Under this power, the supreme court declared that, where the falsity of the answer was clearly apparent, it would be stricken out as sham, and this rule was applied to a specific denial, which was struck from a verified answer. People v. McCumber, 27 Barb. 632, affirmed (court of appeals) 18 N. Y. 315; McCarty v. O'Donnell, 30 N. Y. Super. Ct. 431. Several other cases may be found adopting this rule. The question again arose in Wayland v. Tysen, 45 N. Y. 281, where it was held that no power rested in the court to strike out a general or specific denial in the answer, even though it be shown false in fact, but that the power was limited to affirmative defenses. This decision went, in part, upon the ground that the power, if exercised, would deprive defendant of his constitutional right to trial by jury. Followed in Thompson v. Railroad Co., 45 N. Y. 468; Bank v. Leland, 50 N. Y. 673. In the latter case the answer was a denial upon information and belief. Numerous other cases have followed these decisions. The reasoning of the Wayland Case seemed clear enough to settle the question decided, but many powerful and cogent arguments have been advanced to limit this decision to those cases where it did not clearly appear that the answer was false in fact, and to grant relief by striking out where it did so appear, otherwise, the law would sanction a palpable evasion. These arguments have had their effect, and have produced decisions in conformity therewith. In Webb v. Foster, 45 N. Y. Super. Ct. 311, it is held that, where it clearly appears that there could not have been any information or belief, a specific denial in that form would be stricken out as sham. This decision held the Wayland Case applicable to affirmative defenses, only. It makes no mention of Fellows v. Muller, 38 N. Y. Super. Ct. 137, (previously decided,) although the latter is in direct antagonism, and one of the judges of the court participated in both decisions. In Sherman v. Boehm, 13 Daly, 42, Daly, J., held that where it appeared that an answer denying upon information and belief was in fact false, either by affidavit, or from the record itself, it will be stricken out as sham, under the authority of Code Civil Proc. § 538. Wayland v. Tysen, was limited to

cases where the falsity did not clearly appear. Allen, J., concurred. Larremore, J., dissented, upon the authority of the Wayland Case, 7 Civil Proc. R. 39. In Reynolds v. Craus, 16 N. Y. Supp. 792, the general term, second department, recites numerous cases, stating that they have been overruled by the Wayland and Thompson Cases, (45 N. Y. 281, 471,) so far as they hold that a general denial can be stricken out as sham, and they say "the only variation from the rule, as laid down in these cases, has been where a party has been examined before trial, and has admitted the falsity of the answer." Yet in Schultze v. Rodewald, 1 Abb. N. C. 365, Judge Barrett denied an application to strike out a denial in an answer as sham, where the defendant, on examination before trial, admitted the allegations of the complaint. The Reynolds Case is in error in stating that Kay v. Whittaker, 44 N. Y. 565, is overruled by the Wayland Case. It is not in conflict, and was decided after the latter by the commission of appeals. The statement of the syllabus in the Kay Case is also misleading, as the answer there struck out was payment,—an affirmative defense. In Henry Huber Co. v. McAllester, 21 N. Y. Supp. 767, the city court of New York, general term, held that the power existed to strike out, under Code, § 538, but it should be sparingly exercised. Bliss, Code Pl. § 326, lays down the rule that when the fact is evidently within the knowledge of the pleader, or when he has the means of information, the specific denial appropriate to either condition cannot be made, and, if made, should be disregarded, as false or evasive. There are other cases, and much obiter dicta, which tend to support the doctrine above noted. This construction of the law does not go unchallenged. Wood v. Raydure, 39 Hun, 146; seems to imply that the remedy for a false answer is a criminal prosecution. Neuberger v. Webb, 24 Hun, 348, in speaking of the denials authorized by the Code, says:

"This mode seems to be allowed even in cases where the knowledge of the truth of the averment thus controverted is supposed to be possessed by the party making the denial."

In Bank v. Inman, (Sup.) 5 N. Y. Supp. 457, it appeared that the answer was interposed for delay. In a well-considered opinion, reviewing many authorities, by Follett, J., in which Martin, J., concurred, this conclusion is reached:

"The result of the case is that an affirmative answer or defense which raises a material issue may be stricken out as sham, but a general or specific denial which raises a material issue cannot be stricken out as sham, if pleaded in a form permitted by the Code.

In Zivi v. Einstein, 21 N. Y. Supp. 583, the court of common pleas reversed a judgment of the general term, city court, which struck out an answer as sham, approving the rule laid down in Bank v. Inman, supra. This case makes no mention of Sherman v. Boehm, supra, decided by the same court, but by different members. Martin v. Preserving Co., 48 Hun, 82, holds that the power to strike out an answer upon information and belief, as sham, does not exist, even though the facts constituting the plaintiff's cause of action are

necessarily within defendant's personal knowledge; that the right to strike out as sham is limited to affirmative defenses. Fellows v. Muller, 38 N. Y. Super. Ct. 137, reaches the same conclusion as the last case. In Bank v. O'Rorke, 6 Hun, 20, it was held that the court had no power to strike out a general denial as sham. In Wilson v. Eastman Co., 9 N. Y. Supp. 189, the authority of the last case was sustained by the same court, upon the same grounds. Harvey v. Walker, (Sup.) 13 N. Y. Supp. 170.

All of these cases rest for support upon the Wayland Case, and, when that is carefully examined, it seems clearly to say that, "under the common-law system, the general issue could not be struck out as sham, although shown by affidavits to be false." If an answer is shown to be false, it can make no difference how the fact appears,—whether by affidavits undenied, or from the record itself. It is none the less the fact that it is false, and the effect is the same. If, when its falsity is established in one way, it cannot be stricken out, how can it when its falsity appears in any other way? The quoted language disposes of the power under the general issue, and the construction given the Code is equally plain, i. e. "I think that, by the true construction of the section, the power of the court to strike out pleadings was not extended beyond what it was under the pre-existing law." If the power did not exist at common law, and the Code has not added any new power, where is it found? It would seem that it does not exist. Much of the argument in opposition rests upon the apparent sanction of a fraud created by perjury, but the remedy is pointed out, and the court lays stress upon the fact that vigorous criminal prosecution would effectually stop any abuse. The result of the authorities, and reasons therefor, lead me to the conclusion that where the denial interposed raises a material issue, tendered by the complaint, such denial cannot be stricken out as sham though it be false, and this without reference to how its falsity is made to appear. The power to strike out this pleading failing in a court of record, it must also fail in the municipal court, if it be assumed that power exists therein to strike out a pleading.

The only remedy of relief against a defective pleading provided by the municipal court act or that relating to justices' courts is a demurrer. Either party may demur to any pleading of his adversary, or of any part thereof, "when it is not sufficiently explicit to enable him to understand it, or if it contains no cause of action or defense, although it be taken as true." Charter, § 458. Section 2939, Code Civil Proc., confers like power upon justices' courts. The language is somewhat different, but the substance is the same. It is quite apparent that the defect in the pleading claimed in this case could not be reached by demurrer; it is sufficiently explicit to be understood,—while, if taken as true, it is a perfect defense to the action. It could not, therefore, be disregarded.

The judgment entered in this case was without proof to sustain it. It will be noticed that judgment can only be entered in a case, where the pleading is verified and served, when the defendant fails to answer. Then, and then only, the allegations of the complaint

are deemed admitted, authorizing the entry of judgment without proof. Charter, § 461. In all other cases, the party must prove his case. Id. § 458. And, even though an answer be disregarded, yet the plaintiff must prove his case; and this is true whether section 458, supra, be held applicable, or the practice in justice courts be invoked. The language of section 3, c. 414, Laws 1881, is, in all substantial respects, like Charter, § 461, except that in the former a demurrer is included. In Oulman v. Schmidt, 35 Hun, 345, a demurrer was interposed to a verified complaint in justice's court. It was overruled, and leave given to answer. On failure to answer, the court rendered judgment for the full amount of the demand in the complaint, without further proof. The court, on appeal, reversed the judgment, holding that section 3, supra, of the act, was to be construed with section 2891 of the Code, which provided that, if there was a failure to appear and answer, the plaintiff cannot recover without proving his case. This was extended to the demurrer provided for. The only provision for disregarding a pleading, in the municipal court act, is, where a demurrer is interposed and overruled, and the party directed to amend, if the party fail to amend, the defective pleading shall be disregarded. Charter, § 458. Even then the plaintiff must prove his case. Id. The result is that the judgment appealed from must be reversed, with costs.

TITUS, C. J., concurs in result.