(23 Misc. Rep. 37.)

### HENSBERRY v. CLARK.

(Supreme Court, Special Term, Onondaga County. March, 1898.)

SHAM PLEADING—DENIAL ON INFORMATION AND BELIEF.

An answer denying on "information and belief" every allegation in the complaint for services claimed to have been performed at the request of defendant will not be struck out on motion as a sham pleading, where it appears by defendant's affidavit that at the time the alleged contract was entered into and performed her mental condition was such that she cannot remember what occurred.

Action by Catherine J. Hensberry against Mary S. Clark. Motion to strike out answer as frivolous and sham. Denied.

F. W. Talbot, for the motion.
George D. Cowles, opposed.

HISCOCK, J. The action is brought to recover for services claimed to have been performed for and at the special instance and request of defendant. The answer is a denial upon information and belief of every allegation in the complaint, and the granting of the motion is urged upon the theory that the answer is sham, rather than frivolous. It is claimed that a defendant may not properly deny upon information and belief allegations of facts which are to be assumed to be within his personal knowledge. I think that under the circumstances of this case, at least, the motion should be denied. A denial upon information and belief is good as a matter of form merely. Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669. An answer so denying has been held good where it would appear that the defendants were chargeable with personal knowledge of the matters in controversy. Harvey v. Walker, 59 Hun, 114, 13 N. Y. Supp. 170. But in this case the presumption, which might otherwise prevail, that defendant had personal knowledge of the matters set forth in the complaint, and therefore should deny, if at all, absolutely, and not upon information and belief, is rebutted by the affidavits read in her behalf upon this motion. It appears from them that her mental condition

was such, during the time when plaintiff's contract is said to have been made with her, and in part performed, that she cannot remember what took place.     In fact it is claimed that she was not in a suitable mental condition to have made the contract claimed by plaintiff.     Under these circumstances, and if she was not in mental condition to make a contract, she very likely might have relied upon that as a defense, and have denied as matter of law that she did make the contract claimed by plaintiff, even though she had gone through the form of so doing.     Upon the other hand, however, it was proper for her to deny as a matter of information and belief that she went through the form even of making the contract.     The motion is therefore denied, with $10 costs to defendant to abide event.

Motion denied, with $10 costs to defendant to abide event.