(24 Misc. Rep. 643.)

### GORMAN v. DEWEY.

(Franklin County Court. September, 1898.)

JUSTICES OF THE PEACE—PLEADING—NONJOINDER OF PARTIES—WAIVER.

> Where one of several joint debtors is sued alone in a justice's court, his remedy is not by demurrer, which waives the defect, but by pleading a nonjoinder of parties in abatement, since, in a justice's court, under Code Civ. Proc. § 2939, a demurrer will lie only where the pleading is not sufficiently explicit to be understood, or does not state facts sufficient to constitute a cause of action.

Appeal from justice court.

Action by Michael Gorman against Dennis Dewey. There was a judgment on demurrer dismissing the complaint, and plaintiff appeals. Reversed.

Cantwell & Cantwell, for appellant.
M. T. Scanlon, for respondent.

BEMAN, J. It appears from the complaint herein that the obligation upon which this action was brought was a joint note made and executed by Dennis Dewey, defendant, and Catharine Dewey. The summons was against Dennis Dewey only. Ordinarily this action would not lie in its present form, as it is a well-settled rule of law that, where a promissory note is made by joint debtors, all of the parties who are living must be joined in the action. It is not necessary, however, that all of the joint makers of a promissory note be served with process, as judgment may be taken against those not served. Provided a summons has been served on one or more, judgment may be rendered against all the defendants jointly. Code Civ. Proc. § 1932. Should any of the joint makers of a promissory

note be dead, the action may be brought against the survivor or survivors, and in such case summons would issue against the survivors only; but, to justify the magistrate in rendering judgment against one of several joint debtors under such circumstances, it would be necessary that the complaint should state explicitly that the joint makers not made defendants are dead, or otherwise released from their obligation under the contract. In this case it did not appear by the complaint that the defendant Catharine Dewey was dead, or that she should not be made a party to the action. The defendant's remedy, however, in such case, is not by demurrer, but rather by an answer alleging nonjoinder of parties in abatement. Where one of several joint debtors is sued alone, he must plead nonjoinder in abatement, and cannot take advantage of it on the trial. This is the language of Chief Justice Savage in rendering the decision of the court in Gay v. Cary, 9 Cow. 44. He only reiterates, however, the decision of the court in Williams v. Allen, reported in 7 Cow. 318. This was the rule of pleading before the Code of Civil Procedure, and has not been changed since the enactment of that statute. Ziele v. Campbell's Ex'rs, 2 Johns. Cas. 382; 1 Chit. Pl. 29. Where a party desires to raise an objection to a pleading in justice's court by demurrer, it must be done under section 2939 of the Code of Civil Procedure, and the only grounds where a demurrer would lie are these: First, where the pleading is not sufficiently explicit to be understood; or, second, where it does not state facts sufficient to constitute a cause of action or counterclaim, as the case may be. In this case the defendant did not avail himself of the rule of law which permitted him to plead nonjoinder of the defendant Catharine Dewey in abatement. He therefore waived that objection. His demurrer to the complaint, not coming within any of the provisions as provided by section 2939, above cited, was not sufficient in law to raise any objection to the substance or form of the complaint, for the reason that it did not cover any of the grounds provided by law. The proceedings on the part of the defendant before the magistrate simply amount to an appearance, and he raised no valid or legal objections to plaintiff's complaint. Not having pleaded the nonjoinder of the defendant Catharine Dewey, and not having demurred under any of the provisions of the Code of Civil Procedure, he waived any and all real or apparent defects in the pleading; thereby rendering the acts of the magistrate in sustaining the demurrer and dismissing the action irregular and without authority of law. The only conclusion that it is possible for the court to arrive at, considering all the proceedings in this case, is that the magistrate erred in sustaining defendant's demurrer and dismissing plaintiff's action. He should have overruled the demurrer, and permitted plaintiff to proceed to prove his case against the defendant. From these considerations, and with these views, the judgment should be reversed, with costs.

Judgment reversed, with costs.