## McFEE v. VAN DEBOE et al.

### (Otsego County Court. August 31, 1916.)

1. ACCOUNT STATED &8—IMPEACHMENT—GROUNDS.

   Where parties come into court with an account stated, and there is no dispute over the fact that they have heretofore met and settled their claims and struck a balance, the only way it can be impeached or corrected in an action to recover such balance is for the defendant therein to allege fraud, mistake, or error.

   [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 50–56; Dec. Dig. &8.]

2. JUSTICES OF THE PEACE &95—MOTION TO STRIKE—PLEADING—DEMURRER —STATUTE.

   Under Code Civ. Proc. § 2939, providing that either party in Justice Court may demur to any pleading of his adversary or any part thereof, when not sufficiently explicit to enable it to be understood, or if it contains no cause of action or defense, and that if the court deems a demurrer well founded it must permit the pleading to be amended, and that if the party fails to amend his pleading must be disregarded, a justice of the peace has no authority to entertain a motion to strike out the answer or the counterclaims contained therein.

   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 327; Dec. Dig. &95.]

3. ACCOUNT STATED &20(1)—ISSUES—QUESTION FOR JURY.

   In an action before a justice of the peace upon an account stated, wherein defendants pleaded a general denial and set up several separate counterclaims, the jury were entitled to hear the whole case, and to determine whether the parties had met and settled their various claims, and, if they so found, were required to bring in a verdict for the plaintiff, and if finding such issue against the plaintiff to consider all the evidence in the case, and the claims and counterclaims of the parties, and render such verdict as should seem proper.

   [Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 9, 98; Dec. Dig. &20(1).]

Appeal from Justice Court.

Action upon account stated by Melvin McFee against Roland Van Deboe and another, with counterclaim by defendants. Judgment of justice of the peace for plaintiff, and defendants appeal. Reversed, and new trial granted.

James J. Byard, Jr., of Cooperstown, for appellants.
Almond Cramer, of Cherry Valley, for respondent.

A. L. KELLOGG, J. This is an appeal from a judgment rendered by Menzo Dingman, one of the justices of the peace of the town of

Cherry Valley, in this county, upon the verdict of a jury for $166.95 damages and costs in favor of the plaintiff.

The complaint alleges that prior to the 29th day of February, 1916, plaintiff and defendants had mutual dealings and accounts, each, against the other, arising out of and resulting from the defendants' working plaintiff's two farms, under and by the terms of a written agreement bearing date February 10, 1915; that prior to the commencement of the action the parties met and examined their respective claims and accounts against each other, and upon such examination it was found and mutually agreed that there was due and owing from the defendants to plaintiff a balance of $160, which defendants thereupon promised and agreed to pay, but had not paid the same, or any part thereof. The plaintiff, therefore, based his cause of action upon account stated.

The defendants' answer contained, first, a general denial, and then set up four separate and distinct counterclaims, wherein it was contended that there had been violations of and failures to perform certain conditions of the farm contract on plaintiff's part, to their great damage, and for which they requested affirmative judgment against plaintiff by reason thereof. To this answer and the counterclaims contained therein the plaintiff interposed a reply, which was, in effect, first, a general denial of the alleged counterclaims, and a reassertion of his contention that all matters and differences growing out of the contract between the parties were therefore settled, and that the various claims of plaintiff and defendants had become, and was, an account stated.

The effect of the general denial interposed on part of the defendants was to put directly in issue the question as to whether or not the parties had ever met, as plaintiff contended, the February previous, and then and there settled their various accounts and struck a balance. At the opening of the trial, plaintiff's counsel moved for a dismissal of the defendants' alleged counterclaims, upon the ground that there is no authority whereby defendants can come in and counterclaim on an account stated, and that the only way an account stated can be opened up is by alleging fraud, mistake, or error. The justice granted plaintiff's motion.

It is largely by reason of this motion and the granting of the same by the justice that the defendants have taken an appeal to this court. The plaintiff contends here that the justice did not err in granting plaintiff's motion to dismiss the several counterclaims of the defendants upon the ground that an account stated means the settlement and adjustment of all transactions or differences existing between the parties at the time of the settlement, and the striking of a balance, and that the account stated cannot be attacked by alleging counterclaims, but by averring fraud, mistake, or error, and in support of this theory has cited Stoughton v. Lynch, 2 Johns. Ch. 209; Conville v. Shook, 144 N. Y. 686, 39 N. E. 405; Weisser v. Denison, 10 N. Y. 68, 61 Am. Dec. 731; Welsh v. German Am. Bank, 73 N. Y. 424, 29 Am. Rep. 175; Young v. Hill, 67 N. Y. 162, 23 Am. Rep. 99, and numerous other authorities.

[1] It may be conceded at the outset that the settled law of this

state is that where parties come into court with an account stated, and there is no dispute over the fact that the parties had theretofore met, and that a settlement and adjustment of their various claims had taken place, and a balance struck, the only way the same can be impeached or corrected in an action brought to recover such balance is for the defendant therein to allege fraud, mistake, or error. But such is not the case at bar, as it was distinctly denied by the defendants that there had ever been a settlement between the parties, or that their various accounts arising out of the farm contract had at any time been adjusted or settled between them. Thus it was directly in issue as to whether there had ever been a settlement and adjustment of the account between the parties, and the granting of plaintiff's motion was in effect a denial to the defendants of a right of trial by jury.

[2] The justice had no authority to entertain a motion to strike out the answer, or the several counterclaims contained therein, either in whole or in part. No such authority is expressly given to him, and he can take no such power by implication, and its exercise was clearly inconsistent with the provisions of section 2939 of the Code of Civil Procedure. Mayor v. Mason, 1 Abb. Prac. 344. The only relief against a defective pleading in Justice's Court is a demurrer; either party may demur to any pleading of an adversary, or any part thereof, when it is not sufficiently explicit to enable it to be understood, or if it contains no cause of action or defense, although it be taken as true. Section 2939 of the Code of Civil Procedure; Humble v. McDonough, 5 Misc. Rep. 514, 25 N. Y. Supp. 965.

Where a party desires to raise an objection to a pleading in Justice's Court by demurrer, it must be done under section 2939 of the Code of Civil Procedure. Gormam v. Dewey, 24 Misc. Rep. 645, 54 N. Y. Supp. 303. If it may be said that he may, after striking out the defense, force the party to amend, the answer is that this is not in accordance with the course of proceeding prescribed for Justices' Courts. If the court deems the demurrer well founded, it must permit the pleading to be amended; and if the party fails to so amend a defective pleading or part of a pleading demurred to, it must be disregarded. Section 2939 of the Code, supra. But the provision of section 2939 of the Code itself makes it the duty of the justice to require an amendment when he is of the opinion that the objection to the sufficiency of the complaint or answer is well founded, and, yet, by granting a motion to strike out, he violates this distinct provision. It follows, therefore, in this case that the judgment should be reversed.

Upon the issue as tried the verdict of the jury was, of course, to the effect that the parties had theretofore met, had adjusted their differences, and struck a balance. But let us assume, for the moment, that the jury had found the other way; in other words, that they had rendered a verdict of no cause of action. It is quite clear that, so far as the prosecution of their alleged rights in court, the defendants would at once have been compelled to commence a new action. Having also pleaded a general denial to plaintiff's complaint in this action if there had been a failure on their part to plead their alleged counterclaims, beyond question they would be met in the new action with

an answer claiming a former action as a bar thereto. I do not believe that our Code of Practice, or the rules of common law in force and effect at the present time in this state, contemplate such a tortuous course of procedure for the purpose of securing adjudication in our courts upon the rights of litigants therein. The tendency should be and is to shorten and simplify legal procedure and to dispense with technicality.

[3] Under the pleadings as they originally were here I think the jury was entitled to hear the whole case as therein outlined, and that the first question for their consideration was, "Had the parties to the action theretofore met, settled, and adjusted their various claims and demands, as contended by the plaintiff?" and if they so found it was their duty to end their inquiry right there, and bring in a verdict for the plaintiff. If, on the other hand, they should find the issue as above stated against the plaintiff, and to the effect that there had been no such settlement and adjustment between the parties, then it was their duty to take up and consider all of the evidence in the case as it related to this farm contract and the claims of the parties in relation thereto, including the various counterclaims of the defendants, and thereupon to render such a verdict in relation thereto as to them should seem just and proper.

For the reasons stated, the judgment rendered herein should be reversed, and a new trial granted before Justice Menzo Dingman, of the town of Cherry Valley, in this county, to take place Monday, September 11, 1916, at 10 o'clock in the forenoon of that day, with $10 costs to the appellant to abide the event.

Ordered accordingly.