learned court fell inadvertently into a momentary error is quite obvious from the record, for the very next moment counsel said:

"I except to that portion of your honor's charge in which you say that if the jury find the plaintiff guilty of one act of intoxication, one act of disobedience, one act of incompetency, they may find for the defendant, and I ask your honor to charge that if they find that the plaintiff's services continued after those instances, with the knowledge that he had been guilty of disobedience, then in that event it is for the jury to determine whether the acts were condoned.

"The Court:  I so charge."

We are of opinion, in view of the main charge, that the error pointed out was cured by this latest statement of the court, and that therefore there was not reversible error.

We have examined the other matters pointed out by appellant, but find no reason in any of them to disturb this judgment.

Judgment and order affirmed, with costs.

O'BRIEN, P. J., and PATTERSON and HOUGHTON, JJ., concur.

McLAUGHLIN, J. (concurring).  I concur in the opinion of Mr. Justice CLARKE that the judgment should be affirmed and that the stipulated salary agreed to be paid is prima facie the measure of damages, even though the action were commenced before the expiration of the term of service, inasmuch as the trial did not occur until after the expiration thereof.  See Everson v. Powers, 89 N. Y. 527, 42 Am. Rep. 319.  The alleged errors in the charge could not have misled the jury, when such instructions were considered in connection with the main charge and the final instruction on that subject.

(109 App. Div. 526)

UTAH NAT. BANK v. JONES.

(Supreme Court, Appellate Division, First Department.  December 8, 1905.)

1. LIMITATION OF ACTIONS—NONRESIDENCE—STATUTES—CONSTRUCTION.
    Code Civ. Proc. § 390, provides that, where a cause of action not involving real estate within the state accrues against a nonresident, an action cannot be brought thereon in the state after the expiration of the time limited by the "law of his residence" for bringing a like action. *Held*, that the phrase "law of his residence" means the law of the debtor's residence at the time the cause of action accrued, and not the time when the action was commenced.

2. SAME—ACTION—PRESUMPTION.
    In an action on a note given in the state of Utah and there payable, in the absence of any showing to the contrary, it is to be presumed that the maker was a resident of that state when the note was given and when it matured.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Limitation of Actions, § 712.]

Appeal from Special Term, New York County.

Action by the Utah National Bank against Addison B. Jones.  From a judgment sustaining a demurrer to the answer, plaintiff appeals.  Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-SON, CLARKE, and HOUGHTON, JJ.

Jay E. Whiting, for appellant.
Charles Thaddeus Terry, for respondent.

McLAUGHLIN, J.   This action was brought to recover the amount of a promissory note executed and delivered in the state of Utah and by its terms made payable there. The defendant pleaded the statute of limitations, alleging for that purpose that at the time of the commencement of the action and for two years immediately prior thereto he was a resident of the state of California; that by sections 335 and 339 of the Code of Civil Procedure of that state an action founded upon an instrument in writing executed out of the state must be commenced within two years from the time when the cause of action accrued; and that neither the plaintiff nor the defendant is now, or was at the commencement of the action, a resident of the state of New York. The plaintiff demurred to the answer upon the ground that the facts stated did not constitute a defense to the action. The demurrer was sustained, and defendant has appealed.

The note in question was made and delivered by the defendant to the plaintiff in the state of Utah, and was payable one day after date in that state, and there dishonored when presented for payment at maturity. Section 390 of the Code of Civil Procedure of the state of New York provides as follows:

"Where a cause of action, which does not involve the title to or possession of real property within the state, accrues against a person who is not then a resident of the state, an action cannot be brought thereon in a court of the state against him or his personal representative, after the expiration of the time limited by the law of his residence for bringing a like action, except by a resident of the state and in one of the following cases."

Then follows a description of the cases excepted from the operation of the section, which are not here of importance. The sole question presented for determination is whether the words "law of his residence," used in the section, refer to the residence of the debtor at the time the cause of action accrued, or to the time when the action was commenced. If to the former, then the answer does not state a defense, and the demurrer was properly sustained; if to the latter, then the demurrer was improperly sustained, because the action could not be maintained in the state of California.

I have been unable to find any authority of the state of New York bearing directly upon the question, but a careful consideration of the section has led me to the conclusion that what the Legislature intended was that a nonresident, when sued in this state by another nonresident upon a cause of action which accrued without the state, could plead here the statute of limitations, if the statutes of the state in which he resided at the time the cause of action accrued would be a bar to the maintenance of the action. This conclusion seems necessarily to follow from the wording of the section of the Code above cited, which gives a nonresident the right to here interpose such defense. The phrase "not then a resident of the state" must be construed with the other phrase, "the law of his residence." The two phrases are in the same sentence. The word

"then" in the first phrase obviously refers to the point of time 'referred to immediately before this phrase in the section, viz., the time when the cause of action accrued. If this be true, and I do not think there can be any serious question about it, then the following phrase, "law of his residence," there being nothing in the sentence to indicate to the contrary, must refer to the same time. This is the simple and natural construction, and gives effect to every word in the sentence. The phrase "law of his residence," therefore, means the law of his residence at the time the cause of action accrued, and not the time when the action was commenced. To give it the latter construction, a defendant might invoke the benefit of as many different statutes of limitations as there are states in the Union, if he happened to reside in any one of them at the time the action was commenced, which would be an unnatural and illogical construction, and I cannot believe the Legislature ever intended such result. This view is sustained by Aultman & Taylor Co. v. Syme, 79 Fed. 238, 24 C. C. A. 539, in which the court held that the phrase "law of his residence" means law of his residence at the time the cause of action accrued, and not at the time of the commencement of the action.

The note in question, as already said, was given in the state of Utah, and by its terms there made payable. There being nothing to show to the contrary, the presumption is that the defendant was then, and at the time of the maturity of the note, a resident of that state, and there being no allegation in the answer that he was a resident of the state of California at the time the cause of action accrued, he is not in a position to invoke the benefits of the statutes of that state, and the facts pleaded by him do not constitute a defense.

The judgment appealed from, therefore, must be affirmed, with costs, with leave to the defendant to serve an amended answer, upon payment of the costs in this court and in the court below. All concur.