PRESTON v. CUNEO et al.

(Supreme Court, Appellate Division, Second Department.   October 7, 1910.)

1. PLEADING (§ 121*)—FRIVOLOUS ANSWER.
   When facts alleged in the complaint are presumptively within knowledge of defendant, as in the case of personal transactions, or where they are matters of public record, defendant cannot deny that he has any knowledge or information sufficient to form a belief as to the truth of the allegations; and where defendant in foreclosure had recited in a written agreement with plaintiff, execution of which was not denied, that plaintiff held a certain mortgage described as the one set out in the complaint, defendant could not deny that he had any knowledge or information sufficient to form a belief as to the truth of the allegations in the complaint as to execution and delivery of the mortgage and its assignment to plaintiff.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

2. USURY (§ 130*)—PERSON ENTITLED TO URGE.
   A subsequent owner in fee of premises incumbered by mortgage given as collateral security for a bond, who was a stranger to the making and delivery of the original bond and mortgage, of which he had taken an extension for a good consideration, could not urge the affirmative defense of usury, in proceedings to foreclose the mortgage.
   [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 386–391; Dec. Dig. § 130.*]

Appeal from Kings County Court.

Action by Henry L. Preston against Andrew Cuneo and others. From an order directing judgment for plaintiff on the amended answer of defendant Cuneo as frivolous, said defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

Emilie M. Bullowa (Ferdinand E. M. Bullowa, on the brief), for appellant.

Henry C. Burnstine, for respondent.

WOODWARD, J.   This is an action to foreclose a mortgage for $2,500 on premises owned by the defendant, known as 59 Montrose avenue, borough of Brooklyn.   The complaint alleges that a bond dated the 18th day of December, 1907, sealed with the seal of Isaac Feldman, was executed and delivered by him to Hannah Ginsberg and Thomas Maroselli, for the purpose of securing the payment of $2,500, and that as collateral security for the payment of said indebtedness Isaac Feldman executed, acknowledged, and delivered a mortgage of the premises in question to said Hannah Ginsberg and Thomas Maroselli; that the mortgage was duly recorded, and on the 20th day of December, 1907, for a valuable consideration, the bond and mortgage were assigned to Joseph Kugler, and on the 6th day of April, 1908, for a valuable consideration, they were assigned to the plaintiff; that Andrew Cuneo, the owner in fee of the premises, defaulted in the payment of principal and interest, and $1,400 and interest from the 20th day of June, 1907, is due.   The complaint likewise sets forth an

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement between Andrew Cuneo and the plaintiff for an extension of time for the payment of the mortgage "upon the express condition precedent" that said defendant would "pay the said principal sum, with interest as provided herein; otherwise, this agreement to be terminated and become null and void." The amended answer of the defendant "denies that he has any knowledge 'or information sufficient to form a belief as to the truth of the allegations in the paragraphs designated 'I,' 'V,' 'VI,' 'VII,' and 'X' of the amended complaint."

Passing over the fact that this denial does not conform to the requirements of section 500 of the Code of Civil Procedure (see Rochkind v. Perlman, 123 App. Div. 808, 809, 108 N. Y. Supp. 224, 1151), the defendant is·in the position of denying that he has any knowledge or information of the alleged execution and delivery of the original bond and mortgage, although he recites, in his agreement with the plaintiff in this action, the execution and delivery of which is not denied, that "whereas, the party of the second part holds a certain mortgage conditioned for the payment of the sum of twenty-five hundred dollars, * * * which said mortgage was made by Isaac Feldman to Thomas Maroselli and Hannah Ginsberg and recorded in the office of the register of the county of Kings on the 20th day of December, 1907," and the allegations of the complaint in reference to the same are not otherwise denied. Obviously the denial, in so far as it relates to the making and delivery of the bond, is frivolous, and not made in good faith.

The fifth paragraph of the complaint, which is denied as above mentioned, recites the assignment of the bond and mortgage by Hannah Ginsberg and Thomas Maroselli on the 20th day of December, 1907, to one Joseph Kugler, and the recording of the same; and the sixth paragraph recites the assignment of the same bond and mortgage on the 6th day of April, 1908, to the plaintiff in this action, who is alleged to be the owner and holder thereof. This likewise is denied in the form above mentioned, though the written agreement, made on the 14th day of October, 1908, by and between the defendant and the plaintiff, recites that the plaintiff "holds a certain mortgage," etc., describing the mortgage above mentioned. The rule is well established that when the facts alleged in the complaint, which are presumptively within the knowledge of the defendant, as in the case of personal transactions, or where they are matters of public record, the defendant is not permitted to use this form of denial. Rochkind v. Perlman, 123 App. Div. 808, 810, 108 N. Y. Supp. 224, 1151, and authorities there cited; City of New York v. Matthews, 180 N. Y. 41, 47, 72 N. E. 629. The entire pleading is open to this suggestion, and we are clear that, in so far as the denials are concerned, the answer of the defendant does not raise an issue, and the same was properly set aside as frivolous.

The affirmative defense of usury, assuming it to have been well pleaded, is not open to the defendant, who was a stranger to the making and delivery of the original bond and mortgage. The defendant had taken an extension of this bond and mortgage for a good consideration, and was in default in the performance of the conditions of

his contract, and as the bond and mortgage appear to have been treated as valid between the original parties, and there is no suggestion of usury as between the plaintiff and defendant, the answer was entirely frivolous. It raised no issues as between the parties to the action, and the disposition made of the motion at Special Term is in accord with law.

If there was any defect in the proceedings relating to the action of the plaintiff in moving for judgment, the question does not appear to have been raised at the time; and it is but an irregularity at most, which may be corrected, if important.

The order appealed from should be affirmed, with costs.

Order of the County Court of Kings county affirmed, with $10 costs and disbursements. All concur; JENKS, J., in result.