OLSEN v. SINGER MFG. CO. et al.

(Supreme Court, Appellate Division, Second Department. February 17, 1911.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADING.

A motion for judgment on the pleadings under Code Civ. Proc, § 547, is not governed by the same rules as a motion on the ground that the pleading is frivolous (Code Civ. Proc. § 537), but is to be treated as though made at the trial and governed by the same rules as would then be applicable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053–1077; Dec. Dig. § 350.*]

2. PLEADING (§ 350*)—JUDGMENT ON PLEADING.

In an action for injuries, defendant alleged that the cause of action arose in New Jersey, when defendant was a resident of that state and plaintiff not a resident of New York, and that the action was barred by a certain statute of New Jersey, and plaintiff replied denying any knowledge or information sufficient to form a belief as to the time limited by the laws of New Jersey and as to the allegations that the cause of action did not accrue to a resident of New York. *Held,* that defendant was entitled to judgments on the pleadings under Code Civ. Proc. § 547.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 350.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Kings County.

Action by Gjeruld Olsen against the Singer Manufacturing Company and another. Appeal by the former defendants from an order denying a motion for judgment on the pleadings. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Ephraim Williams (Henry A. Prince, on the brief), for appellants. Sumner B. Stiles, for respondent.

BURR, J. Plaintiff by his complaint alleged that defendant is a New Jersey corporation, and that on October 29, 1906, while engaged in the construction of a building for it at Elizabethport, N. J., he sustained personal injuries, for which he seeks to hold it responsible. For answer as an affirmative defense and plea in bar, defendant alleged, among other things, that the cause of action arose in the state of New Jersey; that at that time plaintiff was not a resident of the state of New York; that at that time defendant was, has since continuously been, and now is, a resident of the state of New Jersey; that the time limited by the laws of that state, including chapter 77 of the Laws of 1896, approved March 24, 1896, for bringing a like action to this action, is two years; and that plaintiff's cause of action did not accrue within two years prior to the commencement thereof. Upon a former appeal we decided that plaintiff should be compelled to reply to the new matter contained in the answer, for the reason that unless denied or avoided it constituted a complete defense to the action. Olsen v. Singer Manufacturing Co., 138 App. Div. 467, 122 N. Y. Supp. 822; Code Civ. Proc. §§ 390, 390a; Utah Nat. Bank v. Jones, 109 App. Div. 526, 96 N. Y. Supp. 338. Plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff thereupon replied denying any knowledge or information sufficient to form a belief as to the allegation respecting the time limited by the laws of the state of New Jersey for bringing a like action, and as to the allegation that the cause of action did not accrue in favor of a resident of the state of New York. By failure to deny the other affirmative allegations above set forth, they stand admitted. Defendant thereupon moved for judgment on the pleadings, in accordance with the provisions of section 547 of the Code of Civil Procedure, and from an order denying such motion this appeal is taken.

A motion under the section above referred to is not governed by the same rules as a motion upon the ground that the pleading is frivolous (Code Civ. Proc. § 537), but it is to be treated as though made at the trial, and governed by the same rules as would then be applicable thereto (Delmar v. Kinderhook Knitting Co., 134 App. Div. 558, 119 N. Y. Supp. 705; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890; Schleissner v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333; Mitchell v. Dunmore Realty Co., 135 App. Div. 585, 120 N. Y. Supp. 771). A plaintiff must be presumed to know what he claims his place of residence was at the time that the cause of action accrued, and the statute of New Jersey, specifically pleaded in the answer, is a public record, easy of access, affording him all the means of information necessary to obtain positive knowledge of the facts. The rule is now well established that when the facts alleged are presumptively within the knowledge of the pleader, or when they are matters of public record, easy of access, so that the truthfulness of the allegations is a subject of convenient and ready determination, he is not permitted to make a bald and unexplained denial of any knowledge or information respecting the same. Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106; Preston v. Cuneo, 140 App. Div. 144, 124 N. Y. Supp. 1031; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151. The reply does not show that the action was commenced within the time prescribed by law, nor set up any disability by which the operation of the statute of limitations may have been suspended. Jarvis v. Pike, 11 Abb. Prac. (N. S.) 398.

The order appealed from should be reversed, with $10 costs and disbursements, and defendant's motion for judgment on the pleadings should be granted, with $10 costs.

JENKS, P. J., and WOODWARD and RICH, JJ., concur. HIRSCHBERG, J., dissents.