OLSEN v. SINGER MFG. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

PLEADING (§ 176*)—DENIAL—INFORMATION AND BELIEF.

A reply denying "upon information and belief" an allegation of the answer that plaintiff resided in New Jersey was sufficient to present the issue of plaintiff's residence, being equivalent to an averment that plaintiff was informed and believed that he did not reside in the state of New Jersey.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 343, 345–353; Dec. Dig. § 176.*]

Appeal from Trial Term, Kings County.

Action by Gjeruld Olsen against the Singer Manufacturing Company and another. From a judgment dismissing the complaint as against one of defendants, plaintiff appeals. Reversed.

See, also, 138 App. Div. 467, 122 N. Y. Supp. 822, 143 App. Div. 142, 127 N. Y. Supp. 697.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Sumner B. Stiles, of New York City, for appellant.

Alfred T. Davison, of New York City, for respondent.

RICH, J. The question presented by this appeal is not the same as those considered on the appeal by the other defendant (Olsen v. Singer Manufacturing Co., 143 App. Div. 142, 127 N. Y. Supp. 697) from a similar order granting defendant's motion for judgment on the pleadings, and the decision in that case cannot be regarded as controlling here.

The action was to recover for a personal injury sustained by the plaintiff in the state of New Jersey in consequence of the negligence of defendants. Both defendants alleged the New Jersey two-year statute of limitations as a bar. In the reply of the plaintiff to this affirmative defense of the defendant Singer Manufacturing Company, he pleaded that he *had no knowledge or information sufficient to form a belief thereof*. We held such denial not permissible, and not controverting the allegation of the answer that the laws of New Jersey did provide a two-year statute of limitations. The answer also alleged that when the cause of action accrued the plaintiff was not a resident of the state of New York, but then was a resident of the state of New Jersey. The reply averred that as to such alleged fact the plaintiff had no knowledge or information sufficient to form a belief. We held that the plaintiff could not be permitted to deny knowledge of a fact presumptively within his actual knowledge, that he must be presumed to know where he claimed his residence to be when the cause of action accrued, and, consequently, that the defendant's motion for judgment on the pleadings was properly granted.

The answer of the respondent in the case at bar contains the same allegations as to the plaintiff's residence, but the plaintiff's reply denies "upon information and belief." This reply in effect says, "I am

informed and believe that I do not reside in the state of New Jersey." This allegation is sufficient to present the issue of plaintiff's residence.

The judgment must be reversed, with costs. All concur.