## WALSH v. BARRETT.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. PLEADING (§ 129*)—ANSWER—ADMISSIONS.

A paragraph of the complaint, alleging that on a certain date defendant was the president of an express company, not denied by the answer, is thereby admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

Appeal from Special Term, New York County.

Action by William Walsh against William M. Barrett, as president of the Adams Express Company. From an order requiring defendant to make its answer more definite and certain, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Everett, Clarke & Benedict, of New York City (C. W. Wickersham, of New York City, of counsel), for appellant.

Joseph J. Baker, of New York City, for respondent.

CLARKE, J. Plaintiff brings this action to recover damages for being negligently run down by one of defendant's trucks. The amended complaint in paragraph 6 alleges:

"That on said 16th day of December, 1911, the said Adams Express Company, of which the said William M. Barrett was and is the president, was the owner of the certain automobile truck which, at the time the plaintiff sustained the injuries hereinafter alleged, was being driven in a northerly direction along said Fifth avenue, and under the control, management, and direction of said Adams Express Company, its servants, agents, and employés, and which said automobile truck struck plaintiff."

The amended answer verified by William M. Barrett, alleges:

"Second. Denies that he had any knowledge or information thereof sufficient to form a belief as to each and every allegation contained in articles 5 and 6 of the amended complaint."

[1] The order appealed from requires the defendant to—

"separately deny or admit the following allegations of paragraph 6 of the amended complaint in this action: (1) That on December 16, 1911, William M. Barrett was the president of the Adams Express Company."

The second paragraph of the amended complaint alleges that fact, and, not being denied in the answer, is therefore admitted. It is idle to ask the defendant to deny or admit it again. Further, in the sixth paragraph of the complaint it is merely a descriptive clause.

[2] The order further requires the defendant to admit or deny:

"(2) That on December 16, 1911, the Adams Express Company was the owner of the certain automobile truck which struck the plaintiff. (3) That

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the said truck, at the time it struck the plaintiff, was being driven in a northerly direction along Fifth avenue. (4) That at the time it was under the control and management of the Adams Express Company, its servants, agents, and employés."

It further provided that the second clause of the answer should be stricken out.

The effect of this order is to deny to. the defendant the right to interpose an answer in the precise form allowed by section 500 of the Code of Civil Procedure. Such provision is appropriate to the case at bar, because it is unreasonable to require the president of such a company as the defendant, with a large number of servants operating and controlling many vehicles, to swear specifically one way or the other as to such details of the plaintiff's cause of action.

Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328, cited by respondent, does not apply. In that case there were corporate acts having to do with the passage of resolutions, the issuing of notes, the execution of underwritings, and the making of written agreements which were presumptively within the knowledge of the corporation and its officers, because executed and acted upon by them. Here, on the contrary, is a negligence case, and the defendant is called upon to answer or deny whether a truck was going in a particular direction, on a particular street, at a particular time. It seems to me that no such pleading can be required. The rule which has been applied when a man denies that he has any knowledge or information sufficient to form a belief as to his own residence (Olsen v. Singer Mfg. Co., 143 App. Div. 142, 127 N. Y. Supp. 697), or as to papers on file in public offices (Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151), has no application.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to the appellant. All concur.