(83 Misc. Rep. 126.)

VAN TASSELL v. MANHATTAN ELECTRICAL SUPPLY CO.

(Supreme Court, Appellate Term, First Department.  December 15, 1913.)

1. EVIDENCE (§ 35*)—FOREIGN LAWS—NECESSITY OF PROOF.
    The law of another state must be proved, like any other fact.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 35, 51; Dec. Dig. § 35.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 121*)—DENIAL—SUFFICIENCY.
    Even though a foreign law be regarded as a matter of record, the provisions of a foreign law may be put in issue by denial of knowledge or information sufficient to form a belief as to its provisions.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

Appeal from City Court of New York, Special Term.

Action by Edwin E. Van Tassell against the Manhattan Electrical Supply Company. From an order overruling a reply as frivolous, and directing judgment in favor of defendant in case of failure to reply within a specified time, plaintiff appeals. Order reversed.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Julian J. Raphael, of New York City (Charles Trosk, of counsel), for appellant.

Rounds, Hatch, Dillingham & Debevoise, of New York City (Eugene Congleton, of New York City, of counsel), for respondent.

BIJUR, J. This action is brought by an employé against an employer to recover for negligence in an accident which occurred in Jersey City. The defense replied to set up the Workmen's Compensation Act of New Jersey (Act April 4, 1911 [P. L. p. 134]). In the reply, plaintiff denied knowledge or information sufficient to form a belief as to the New Jersey statute.

. [1, 2] The learned court below cites Olsen v. Singer Mfg. Co., 143 App. Div. 142, 127 N. Y. Supp. 697, as controlling authority. Counsel points out that, as appears from another opinion in that case, reported in 151 App. Div. 516, 135 N. Y. Supp. 872, it is claimed that plaintiff was a resident of New Jersey, and seeks to distinguish the case from the one at bar because of that fact. Whether the distinction be good or not, the law of another state must be proved like any other fact. Even though it should be regarded "as a matter of record," and no regard be paid to the fact that it is a matter of record in another state, it is the plain intimation of the Court of Appeals in its latest decision on this point (Kirschbaum v. Eschmann, 205 N. Y. 127, 132, 98 N. E. 328) that such matters may properly be put in issue by a denial of knowledge or information "so as to put the plaintiffs to their proofs."

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.