WASYL KOCZENASZ, Respondent, *v.* LEHIGH PORTLAND CEMENT COMPANY, Appellant.

Second Department, February 21, 1918.

**Evidence — statutes — failure of plaintiff to read statute of foreign State from official books — pleading — denial by defendant upon information and belief insufficient — violation of Pennsylvania Factory Act.**

In an action against a Pennsylvania corporation, statutes of said State although not read in evidence from the official books as provided by section 942 of the Code of Civil Procedure, are not put in issue by the defendant's mere denial of information or knowledge sufficient to form a belief.

Although many averments may be thus truthfully and competently denied, more is required of a foreign corporation called on to answer on its oath as to the public statutes of the State under which it is organized.

Where plaintiff has proved a violation of the requirements for beltshifters under the Pennsylvania Factory Act, which could be found proximately to have caused his injuries, and the verdict follows a charge against which no exception is urged, a judgment should be affirmed.

APPEAL by the defendant, Lehigh Portland Cement Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 27th day of April, 1917, upon the verdict of a jury for $10,500, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

The action was brought under the Pennsylvania Employers' Liability Act (Penn. Laws of 1907, p. 523, No. 329; 5 Purdon's Digest [13th ed.], 5464) to recover for personal injuries sustained on the 17th day of September, 1915, in a local cement plant in that State.

*Frederick W. Catlin* [*Robert H. Woody* with him on the brief], for the appellant.

*Vine H. Smith* [*Stephen A. Machcinski* with him on the brief], for the respondent.

PER CURIAM:

Even if the Pennsylvania statutes were not read in evidence from the official books published by authority of that State, as provided by the Code of Civil Procedure, section 942, defendant did not put in issue the averments of such public statutes by its mere denial of information or knowledge sufficient to form a belief. (*Olsen* v. *Singer Manufacturing Co.*, 143 App. Div. 142.) Many averments may be thus truthfully and competently denied (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127, 133), but more is required of a Pennsylvania corporation called on to answer on its oath as to the public statutes of the State under which it is organized. Plaintiff proved a violation of the requirements for beltshifters by the Pennsylvania Factory Act (Penn. Laws of 1905, p. 355, No. 226, § 11; 5 Purdon's Digest [13th ed.], 5484, § 16) which omission could be found proximately to have caused

the plaintiff's injuries. No ground appears to disturb the verdict which followed a charge, against which no exception is urged on this appeal.

The judgment and order are, therefore, affirmed, with costs.

Present — JENKS, P. J., THOMAS, PUTNAM, BLACKMAR and KELLY, JJ.

Judgment and order unanimously affirmed, with costs.