CHARLES J. BENNETT, Respondent, *v.* THE LEEDS MANUFAC-
TURING COMPANY, Appellant.

A denial in a verified answer of a material allegation of the complaint
"upon information and belief" is good.

(Submitted June 13, 1888; decided June 19, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court, in the first judicial department, entered upon an order
made October 5, 1885, which affirmed a judgment in favor of
plaintiff, entered upon an order striking out defendant's answer
as frivolous.

The nature of the action and the material facts are stated
in the opinion.

*James B. Dill* for appellant. A denial in a verified answer
of a material allegation upon information and belief is author-
ized by the Code. (Code Civ. Pro. §§ 500, 524, note, see
note to Throop's Code, § 524; *Edward* v. *Tent,* 8 How. Pr. 28 ;
*Lloyds* v. *Burns,* 38 Supr. Ct. 424; *Pratt Mfg. Co.* v. *J. I.
C. Co.,* 33 Hun, 144; *Stent* v. *Continental Nat. Bk.,* 5 Abb.
N. C. 88; *Metraz* v. *Pearsall,* Id. 90; *Power* v. *Rome, W.
& O. R. R. Co.,* 3 Hun, 285; *Sherman* v. *Boehm,* 7 Civ.
Pro. Rep. 38; *Maclay* v. *Sands,* 94 U. S. 586 ; *Henderson*
v. *Manning,* 5 N. Y. Civ. Pro. Rep. 221; *Macauley* v. *B.
and B. Printing Co.,* 14 Abb. N. C. 316; *Brotherton* v.
*Downey,* 21 Hun, 436 ; 31 Alb. L. J. 160; 15 Abb. N. C. 270;
*Holmes* v. *Continental Pub. Co.,* Daily Reg. Nov. 11, 1884 ;
*Ledgerwood Mfg. Co.* v. *Baird,* 14 Abb. N. C. 318; *Mus-
grave* v. *Mayor, etc.,* 51 Supr. Ct. 528; *Wood* v. *Raydure,*
39 Hun, 144; *Clark* v. *Dillon,* 97 N. Y. 370, 373.)

*Henry M. Brigham* for respondent. A denial upon
information and belief raises no issue, and is not allowed by
the Code. (*Pratt Mfg. Co.* v. *Jordan I. and C. Co.,* 33
Hun, 143, 544; *Swinborne* v. *Stockwell,* 58 How. 312 ;
*Power* v. *Rome, W. & O. R. R. Co.,* 3 Hun, 285.)

ANDREWS, J. The defendant was sued upon a contract, which the plaintiff, in his verified complaint alleged, upon information and belief, was made by the corporation. The defendant, in its answer, also verified, denied in like manner, upon information and belief, certain material allegations in the complaint, and the sole question is, whether this form of denial is authorized by subdivision 1 of section 500 of the Code, which declares that the answer must contain " a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." Upon reason, this form of denial would seem to be justified. Information is the source of much, indeed, of the most that we call knowledge. We affirm or deny the existence of an alleged fact, either from personal knowledge of its existence, or because we have information thereof which we credit. This latter is the source of most of our knowledge of the facts of history, and in the ordinary affairs of life we often accept and act upon facts known to us only by information, as fully and confidently as though they were personal incidents in our experience. But assertions of facts are frequently made, of which facts we neither have absolute knowledge, nor are they accredited in such a way as to satisfy us of their existence. We may not be able either to affirm or deny their existence, or even to form a judgment or belief in respect to them. It is obvious that each of these several conditions may exist in the case of a defendant brought into court to answer a complaint. The facts alleged may be true or false to his personal knowledge. If he has no personal knowledge of their truth or falsity, nevertheless he may have information which satisfies him that they are either true or false, and a belief founded thereon. Still again, he may have no information upon which he can affirm or deny the facts alleged, or if he has some information, it may not be such as to create a belief one way or the other as to their existence, or whether the assertions made are true or untrue. In the first and third cases supposed, concededly the defendant can put

the plaintiff to his proof. He may do this in the one case by a direct and positive denial, and in the other by denying any knowledge or information sufficient to form a belief as to the existence of the alleged facts. If the defendant is in the condition of having information and a belief founded thereon, that the facts alleged are untrue, but no actual knowledge, unless he can deny absolutely the allegations of the complaint or deny them upon information and belief, he will be precluded in such a case, where the complaint is verified, from answering at all, and judgment may go against him by default, although the plaintiff might not be able on a trial to establish the facts alleged. It may be safely assumed that it was not in the mind of the legislature in framing the rules of pleading to permit such a result or to put a defendant so situated in a position where he could not, by his pleading, compel the plaintiff to prove his complaint. Section 500 of the Code. does not prescribe the form of a denial, except that it must be general or specific, or where the defendant has no knowledge or information as to any material fact alleged, sufficient to form a belief in regard to the same, his denial may be in that formula. Reading section 500 in connection with sections 524 and 526, it is, we think, very clear that a general or specific denial under the first subdivision of section 500 may be upon information and belief. By section 524 " the allegations or denials in a verified pleading must in form be stated to be made by the party pleading. Unless they are therein stated to be made upon the information and belief of the party, they must be regarded for all purposes, including a criminal prosecution, as having been made upon the knowledge of the persons verifying the same. An allegation that the party has not sufficient knowledge or information to form a belief with respect to the matter must, for the same purposes, be regarded as an allegation that the person verifying the pleading has not such knowledge or information." This section on its face applies to all pleadings, the answer as well as the complaint, and to denials in the answer as well as to affirmative defenses or counter-claims. It assumes that when a party has no personal knowledge an

averment or denial may be made upon information and belief, and treats every positive averment or denial as having been made on personal knowledge, and declares, in substance, that it is to be so regarded in criminal prosecutions. Section 526, which prescribes the form of verification, requires it to be stated therein that the pleading is " true to the knowledge of the person making it, except as to those matters therein stated to be alleged on information and belief," etc. This section also recognizes allegations (which manifestly include denials) made upon information and belief, as proper forms of pleading. We think, therefore, upon reason as well as upon the construction of the Code, a denial in a verified answer of a material allegation in the complaint, " upon information and belief," is good. Any other conclusion would lead in some cases to great injustice. There are diverse authorities upon the question, but the great preponderance of authority supports the conclusion we have reached. (*Brotherton* v. *Downey*, 21 Hun, 436; *Wood* v. *Raydure*, 39 id. 144; *Musgrove* v. *Mayor, etc.*, 51 N. Y. Sup. Ct. Rep. [19 J. & S.], 528; *Macauley* v. *Bromell*, 14 Abb. N. C. 316; *Maclay* v. *Sands*, 94 U. S. 586; *Jones* v. *City of Petaluma*, 36 Cal. 230.)

It follows that the judgment of the General and Special Terms and the order striking out defendant's answer, should be reversed.

All concur.

Judgment and order reversed.