(13 App. Div. 182.)

GALLAGHER v. MERRILL.

(Supreme Court, Appellate Division, Second Department.   January 26, 1897.)

PLEADING—ANSWER ON INFORMATION—STRICKEN OUT AS SHAM.

An answer will not be stricken out as sham because it denies that defendant has "knowledge or information sufficient to form a belief" (Code Civ. Proc. § 500) as to the allegations of the complaint.

Appeal from special term, Kings county.

Action by Barbara Gallagher against Ezra F. Merrill as surety on a lease.   From an order striking out the answer as sham, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George C. Eldridge, for appellant.

J. Stewart Ross, for respondent.

PER CURIAM.   This action is brought against the defendant to recover an installment of rent due under and by virtue of the terms of a written lease made and executed by the plaintiff, as lessor, and by Martha Friedrichs as lessee.   The defendant is a surety upon the lease, and his covenant indorsed thereon contained, among other things, an agreement to pay the rent secured thereby in case the said Martha Friedrichs made default in payment.   The complaint alleged the making and execution of the lease, and set out plaintiff's undertaking in connection therewith in full.   By its third allegation the complaint avers "that the said Martha Friedrichs has made default in the payment of the sum of $400, which was due for said rent on May 15, 1896."   The defendant answered the complaint, and by the third count of his answer he states "that he denies each and

every allegation contained in the third and fourth paragraphs of said complaint, as he has no knowledge or information sufficient to form a belief as to the contents of the same." The above-quoted allegation of the complaint was an essential and material allegation, as it was only upon the default of the said Friedrichs in the payment of the rent that liability attached to the defendant. The answer made to this allegation of the complaint constituted a denial of the same, within the provisions of section 500, Code Civ. Proc. The question, therefore, which is presented upon this appeal is whether a denial in an answer in the form prescribed by the Code can be stricken out as sham. The authorities seem to answer the question in the negative. Thompson v. Railroad Co., 45 N. Y. 468; Humble v. McDonough, 5 Misc. Rep. 508, 25 N. Y. Supp. 965, and cases cited. It follows that the order should be reversed and motion denied, without costs.