### HOPKINS v. MEYER et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

JUDGMENT BY DEFAULT—VACATING—SUFFICIENCY OF PAPERS TO SUSTAIN ORDER —APPEAL.

An order opening a default will be reversed where on appeal therefrom it appears that the motion to open the default was brought on an order to show cause, which recites that it was made on annexed affidavits, and on all the pleadings, papers, and proceedings in the action, but the affidavits are omitted from the appeal book, which only contains the notice of appeal, the complaint, answer. judgment, order to show cause, and the order appealed from, and none of the circumstances of the default are disclosed, except by a recital in the judgment that defendant defaulted in appearance, and that the court duly made findings of fact and conclusions of law, as, so far as appears, the judgment was regularly taken, and the appellate court cannot assume that it was rendered without proof of the allegations of the complaint.

Appeal from special term, Queens county.

Action by Gilbert P. Hopkins against Julian H. Meyer and another. From an order opening defendants' default and vacating the judgment thereon, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Abraham G. Meyer, for appellant.
William O. Miles, for respondents.

PER CURIAM. The manifest purpose of this appeal is to procure a review of the question whether the trial court had power to render judgment upon the pleadings in this action without proof of the allegations of the complaint. The record, however, is in a condition which precludes a determination of that question at this time. The motion to open the default was brought on upon an order to show cause, which recites that it is made upon affidavits thereunto annexed, and upon all the pleadings, papers, and proceedings in the action. The affidavits, however, are omitted from the appeal book, which contains, in addition to the notice of appeal, only the complaint, answer, judgment, order to show cause, and the order appealed from. No facts are disclosed concerning the circumstances under which the default was taken, except by the recital in the judgment to the effect that the defendants defaulted in appearance, and the court duly made findings of fact and conclusions of law. This court, therefore, is without any further information as to what occurred in the trial court when the judgment was rendered. Certainly no fact is made to appear in this record which warranted the court below in vacating a judgment which, so far as appears, was regularly taken. It is true that counsel, in their briefs, assume that judgment was rendered upon the pleadings, without any proof of the allegations of the complaint; but we cannot act upon that assumption in the condition of this record. It follows that the order appealed from appears to have been made without any adequate basis in the form of proof as to the circumstances under which the judgment was obtained, and all that we can do is to reverse the order upon the ground that the papers upon which it was granted are manifestly insufficient to sustain it.

Order reversed, without costs of this appeal to either party, and without prejudice to a renewal of the application at special term.