GILBERT P. HOPKINS, Respondent, v. JULIAN H. MEYER and HUGO V. LANGE, Appellants.

*Denials in an answer, therein stated to be "defenses" — they are sufficient to raise issues which must be established in case of defendant's default — an answer on information and belief, not stricken out as sham.*

The fact that denials, contained in an answer, of material allegations of the complaint, are preceded by the words, "for a second (or third or fourth) further, separate and distinct defense," does not render them inoperative to raise an issue as to such allegations, nor does it relieve the plaintiff, in the event of the defendant's making default at the trial, from the necessity of proving the allegations so denied.

An answer made upon information and belief cannot be stricken out as sham, even where the answering defendant was in a position to know the facts.

APPEAL by the defendants, Julian H. Meyer and another, from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 19th day of July, 1902, as imposes terms and conditions upon the granting of the defendants' motion to vacate a judgment by default theretofore entered against them in the action.

*William O. Miles,* for the appellants.

*Abraham G. Meyer,* for the respondent.

WOODWARD, J.:

This action was called for trial on the 17th of February, 1902. At that time affidavits were submitted on behalf of the defendants explaining their inability to proceed with the trial. These affidavits alleged that defendants' attorney had been subpœnaed and was then in attendance at a trial being held before the Supreme Court, where he was a material and necessary witness. The case was held until two o'clock, when further affidavits were submitted in behalf of the defendants, but the case was ordered to trial, and defendants' attorney appeared late in the day but did not have his witnesses ready. Under these circumstances the defendants defaulted, and the plaintiff took a default and judgment upon the pleadings alone without any proofs. Subsequently defendants moved the court, upon affidavits at Special Term, to open the default and vacate the judgment under the provisions of section 724 of the Code of Civil Procedure, which motion was granted without terms by the learned justice who had presided at the trial where the default was taken. Upon plaintiff's application the order was resettled by eliminating a recital of the affidavits upon which the motion to vacate the judgment was made, and basing the vacation of the judgment solely upon the ground that no proofs were given upon the trial, and that defendants' answer raised issues requiring proofs before entitling plaintiff to judgment. Upon an appeal being taken by the plaintiff from such resettled order, the same was reversed, the court holding that as the affidavits showing what occurred at the Trial Term were not printed in the record, and, as the judgment contained a recital of the making of findings of fact, the judgment upon the record as then presented must be presumed to have been regularly taken. It was, however, provided that the defendants might renew the motion to vacate the judgment upon the affidavits which now appear in the record. This last application was made at Special Term and resulted in the order, portions of which are appealed from, and which imposes conditions upon the defendants which seem to us not warranted by the facts.

Assuming that the plaintiff sets forth a good cause of action in his complaint, the defendants have answered under oath, and deny several material allegations of the complaint, so that the plaintiff was not in a position to take judgment without proof of the* mat-

ters which had been controverted, and which were necessary to establish the cause of action. There would be no question about this, were it not for the fact that the defendants, in pleading, have set out these denials under the words "for a second (or third or fourth) further, separate and distinct defense," etc., and there seems to be a contention that, these denials having been alleged as defenses, no issue was raised thereby. We think this is untenable, and that the defendants, by denying specific allegations, have raised issues which cannot be ignored. Section 500 of the Code of Civil Procedure provides: "The answer of the defendant must contain * * * a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." It is nowhere provided where such denials shall be made, whether in separate paragraphs or in connection with other matters. While it is not to be doubted that the answer here involved is inartificially drawn, the answer does contain "a general or specific denial of each material allegation of the complaint controverted by the defendant," and it is provided that "in every stage of the action the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party." (Code Civ. Proc. § 723.) The mere form of the pleading, as was held in *Bennett* v. *Matthews* (64 Barb. 410), does not affect any substantial right of the adverse party, so long as he is not misled or deceived by it, and in the case now before us there is no contention of this character. Section 724 of the Code of Civil Procedure provides that "the court may likewise, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding, taken against him though his mistake, inadvertence, surprise or excusable neglect," and this seems to us a case in which the requirements of justice demand that the defendants shall have an opportunity for a trial of the issues raised by the pleadings, without any serious impediments.

It is well settled that an answer made upon information and belief cannot be stricken out as sham, even where the person was in a position to know the facts (*Humble* v. *McDonough*, 5 Misc. Rep. 508, and authorities cited; *Gallagher* v. *Merrill*, 13 App. Div. 182,

and authorities cited), and it cannot be disregarded as a pleading. Where an issue is raised the plaintiff is bound to show that he has a right to recover, and, it appearing to this court that the defendants were forced to default, and that the plaintiff did not establish the facts necessary to sustain the judgment, we are of opinion that the order should be modified by striking out the provisions for fifty dollars counsel fees and for an undertaking for the payment of any judgment which may be recovered, and that as so modified the order appealed from be affirmed.

All concurred.

Order so far as appealed from reversed, with ten dollars costs and disbursements.