### SCHLESINGER v. McDONALD.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. PLEADING—SHAM PLEADING—MOTIONS TO STRIKE.

Denials of material portions of a complaint in an action at law, which raise the general issue as to the allegations denied, cannot be stricken out as sham, whether they are absolute, upon information and belief, or upon a denial of knowledge or information sufficient to form the belief.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 1121, 1122.]

**2. SAME—INCONSISTENT DEFENSES—RIGHT TO STRIKE.**

The fact that allegations of new matter in an answer are inconsistent with denials contained therein does not justify the court in striking out the denials as sham.

**3. SAME—ADMISSIONS—CONSTRUCTION.**

Where allegations of an answer are taken as admissions of defendant, they must be considered as a whole, and defendant must be given the benefit of portions thereof which are favorable to him.

Appeal from Special Term, New York County.

Action by Leo Schlesinger, as receiver of the Federal Bank of New York, against Owen P. McDonald. From an order striking out as sham certain denials in the answer, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

William L. Stone, for appellant.
Stillman F. Kneeland, for respondent.

INGRAHAM, J. We do not think the court below was justified in striking out as sham denials of material portions of the complaint in an action at law whereby the general issue was raised as to such allegations whether the denials are absolute, upon information and belief, or upon an allegation that the defendant has not knowledge or information sufficient to form a belief as to the truth of such allegations. It has been the universal rule since Wayland v. Tysen, 45 N. Y. 281, and Thompson v. Erie R. W. Co., 45 N. Y. 468, that "a verified answer which interposes a general denial of the complaint is tantamount to a pleading of the general issue under the former system of practice at law. Such answer gives to the defendant the right to require the plaintiff to establish by proof all the material facts necessary to show his right to recover. It cannot be stricken out as sham, although shown by affidavits to be false"; and that the same rule applies when the answer denies a material allegation of the complaint. Gallagher v. Merrill, 13 App. Div. 182, 43 N. Y. Supp. 303; Robertson v. Rockland Cemetery, 54 App. Div. 191, 66 N. Y. Supp. 632. The case of Rodgers v. Clement, 162 N. Y. 422, 56 N. E. 901, 76 Am. St. Rep. 342, cited by the learned counsel for the respondent, is not relevant, as that was an appeal from a judgment after a trial, and in that case the same allegation of the answer denied certain allegations of the complaint and made certain admissions. As stated by the court, "It will be seen that this allegation of the answer contains a denial, an admission, and an affirmative averment;" and the allegation was upon the trial to be taken as a whole, denying only the allegations of the complaint not admitted either by the express admission or the allegation of new matter. In this case the denials of the allegations of the complaint are specific and independent of the new matter pleaded, but it is sought to sustain the order because of these allegations of new matter which are pleaded as separate defenses, and which are alleged to be inconsistent with the denials of the allegations of the complaint. The denial of the material allegations

of the complaint, being complete in themselves, raised the general issue as to the allegations denied; and the fact that certain allegations of new matter were inconsistent with the denials does not justify the court in striking out the denial as sham any more than the denial would justify the court in striking out the new matter. alleged as a separate defense as. sham. But these allegations of new matter do not specifically allege that the notes which are alleged to have been paid and to have been void for usury were made and delivered by the defendant; and, if the allegations are to be taken as admissions of the defendant, they must be taken as a whole, and the plaintiff cannot use them to obtain an advantage, without at the same time admitting that the notes were usurious and void, and that they have been paid.

We think the defendant was entitled to require the plaintiff to prove these allegations, which the answer denied by evidence upon the trial, and that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

QUACKENBOSS v. GLOBE & RUTGERS FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

CORPORATIONS—CONTRACTS—EXECUTION—EVIDENCE.

> Where in an action against a corporation on a contract signed by the president and secretary, and bearing the corporate seal, defendant denied the execution of the contract, it was entitled to introduce its by-laws in evidence to show that the officers named had no authority to execute the contract, and to prove by parol that such was the effect of the by-laws, that plaintiff knew it as a director, and that the contract had never been acted on or ratified.

Appeal from Trial Term, New York County.