NEUBAUER v. AMERICAN SEATING CO.

(Circuit Court, W. D. New York.  January 8, 1909.)

No. 243.

1. PLEADING (§§ 358, 359*)—FRIVOLOUSNESS— SHAM.

Under Code Civ. Proc. N. Y. § 500. subd. 1, providing that an answer must contain a general or specific denial of each material allegation of the complaint controverted by defendant, or of any knowledge or information thereof sufficient to form a belief, a general denial of any knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the complaint presents an issue which may

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not be stricken as frivolous or sham, though the answer may contain separate independent defenses which are inconsistent therewith.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1096–1128; Dec. Dig. §§ 358, 359.*]

2. PLEADING (§ 378*)—ISSUES AND PROOF—DENIAL OF KNOWLEDGE.

Where an answer contained a general denial of any knowledge or information sufficient to form a belief as to the truth of the allegations of the complaint and separate independent defenses of new matter, plaintiff was bound to prove the material nonadmitted facts alleged in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1232–1234; Dec. Dig. § 378.*]

3. PLEADING (§ 121*)—INFORMATION AND BELIEF.

A defendant, who has no information or knowledge of the appointment of a guardian ad litem, is not required to examine the records to ascertain the fact, but may plead denial of information sufficient to form a belief, and rely on plaintiff to prove such appointment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

4. TAXATION (§ 593*)—ASSESSMENT—BURDEN OF PROOF.

In a suit to recover an unpaid tax, the burden of attacking the assessment is on the defendant, he being presumed to have had notice of all proceedings, to establish it.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1215; Dec. Dig. § 593.*]

5. PLEADING (§ 359*)—SHAM.

Where there is no allegation in an answer that could be stricken, the denials thereof could not be treated as sham, though they were palpably untrue in relation to some of the material matters alleged in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. § 359.*]

Leroy Andrus and Frank Westphal, for plaintiff.
Harold Sturges Rankine, for defendant.

HAZEL, District Judge. This is a motion by the plaintiff for judgment on the grounds that the amended answer is frivolous and sham. The amended answer contains a general denial of any knowledge or information sufficient to form a belief as to the truth of each and every allegation in said complaint contained, and it also contains separate and independent defenses, which the plaintiff claims to be inconsistent with the general denials. The cases cited in the briefs relating to sham and frivolous answers are not harmonious, though the subject has frequently been discussed by the appellate tribunals of this state. The decided weight of authority, however, favors the view that under section 500, subd. 1, of the Code of Civil Procedure of New York, an allegation such as is objected to by the plaintiff presents an issue which may not be struck out as frivolous or sham. Under such a denial the plaintiff is called upon to prove the material facts (except admitted facts) alleged in the complaint. This I conceive to be the correct rule where the answer contains new matter independent of the general denials, and which are separately pleaded. See Wayland v. Tysen, 45 N. Y. 281; Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457; Grocers'

Bank v. O'Rorke, 6 Hun, 18; Tracy v. Baker, 38 Hun, 263; Schlesinger v. McDonald, 106 App. Div. 570, 94 N. Y. Supp. 721.

The plaintiff lays particular stress upon the case of Rochkind v. Perlman, 123 App. Div. 810, 108 N. Y. Supp. 224, 1151, where the Appellate Division, Second Department, broadly held that a defendant cannot be permitted to deny material allegations of the complaint which are presumptively within his own knowledge; that he cannot adopt a position of ignorance as to the facts, when manifestly it is his duty to know them. But in that case the denials, which stood alone, were not in the words prescribed by the Code. Here the amended answer, in addition to the general denials, which were correct in form, contains separate defenses which concededly go to the merits of the litigation. The case of City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629, is also clearly distinguishable, for there it was held that the burden was not on the city of showing jurisdiction in a case where a tax had been imposed; the defendant having failed to review the assessment. It was the same as if the action were upon a judgment, and hence a mere denial that the defendant has any knowledge or information sufficient to form a belief as to the truth of allegations which relate to matters of public record was properly held frivolous.

But an allegation of the appointment comes within this rule. The defendant, who has no information or knowledge of the appointment of a guardian ad litem, is not required to examine the records of the court to ascertain the fact. He may rely upon the plaintiff to make proof of such appointment, for the burden rests upon him; while in a case for the recovery of an unpaid tax the burden of attacking the assessment is upon the defendant, and justly so, for he is presumed to have had notice of all proceedings to establish the assessment.

It is accordingly held by me that the insufficiency of the amended answer on mere inspection is not so clear as to warrant holding it frivolous and giving judgment to the plaintiff. Youngs v. Kent, 46 N. Y. 672. As to whether the answer is sham would, I think, depend upon the presence of an allegation which could be struck out. There being no such allegation in the amended answer, the denials cannot be treated as sham, even though they are palpably untrue in relation to some of the material matters alleged in the complaint. Schlesinger v. McDonald, supra.

The motion for judgment on the pleadings is denied.