ROCKOWITZ v. SIEGEL et al.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

1. PLEADING (§ 122*)—ANSWER—DENIAL.
    In an action against defendants as lessees of a building, where the complaint set up that they controlled the lobby and corridors, defendants, although necessarily having knowledge of those facts, may deny on information and belief.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 249–252; Dec. Dig. § 122.*]

2. PLEADING (§ 359*)—ANSWER—DENIAL—SHAM.
    In an action against defendants as lessees of a building, where the complaint charged that they controlled the lobby and corridors, defendant's denial on information and belief cannot be stricken as sham.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. § 359.*]

Appeal from Special Term, New York County.

Action by Anna Rockowitz, an infant, by Abraham Rockowitz, her guardian ad litem, against Harris Siegel and others. From an order denying plaintiff's motion to strike out the answer as a sham, or to have it made more definite and certain, she appeals. Affirmed.

See, also, 135 N. Y. Supp. 1139.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN; SCOTT, MILLER, and DOWLING, JJ.

Isidore Schneider, of New York City, for appellant.
William Shea, of New York City, for respondents.

SCOTT, J.　The action is against the lessees of a building, of which they rented out portions to various tenants, reserving to themselves, as it is alleged, the vestibules, halls, lobbies, and staircases, which were used in common by all the tenants and other persons. The plaintiff was injured, as it. is said, by reason of the defective condition of one of the public staircases.

[1] Although the plaintiff moved to strike out the whole answer, it appears by the brief of her guardian that her motion is intended particularly to be addressed to the defendants' attempted denial of paragraphs 4 and 6 of the complaint. The first of these paragraphs alleges that, at the times mentioned, the defendants were in control and management of the building. The second alleges that they reserved to themselves the vestibules, halls, etc., which were used in common by all the tenants. Of course, the defendants know whether these allegations are true or not, especially as they admit (by not denying) that they are lessees and in possession of the building, and rent or lease portions to various tenants. Notwithstanding their unquestionable knowledge of the truth or falsity of paragraphs 4 and 6, they aver in their answer that "upon information and belief the said defendants deny each and every of the allegations contained in" said paragraphs 4 and 6. The form of denial adopted by defendant is one which is authorized (Bennett v. 'Leeds Mfg. Co., 110 N. Y. 150, 17 N. E. 669), and constitutes a good denial.

[2] The motion, therefore, resolves itself into one to strike out a denial as sham, and this may not be done. Hopkins v. Meyer, 76 App. Div. 365, 78 N. Y. Supp. 459; Gallagher v. Merrill, 13 App. Div. 182, 43 N. Y. Supp. 303. As to the other branch of the motion, the answer is definite and certain enough. The only trouble with it is that it is apparently disingenuous. Under the present liberal practice relative to the examination of adverse parties before trial, the plaintiff can probably obtain from the defendants themselves the evidence of the truth of the two paragraphs which they have denied.

Order affirmed, with $10 costs and disbursements. All concur.