### ENGEL v. GEORGIADES.

(Supreme Court, Appellate Term, First Department. February 14, 1913.)

1. PLEADING (§ 122*)—DENIAL—INFORMATION AND BELIEF.

In an action for breach of a contract to assign certain accounts· for discount and collection, a denial on information and belief that defendant refused to assign his accounts was frivolous, as the denial of a fact within defendant's personal knowledge.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 249–252; Dec. Dig. § 122.*]

2. PLEADING (§ 122*)—BREACH OF CONTRACT—ANSWER—DENIAL—INFORMATION AND BELIEF.

In an action for breach of contract to assign certain accounts for discount and collection, defendant's denial on information and belief of plaintiff's performance and ability and willingness to perform on his part was sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 249–252; Dec. Dig. § 122.*]

3. PLEADING (§§ 194, 367*)—ACTION FOR BREACH OF CONTRACT—ANSWER—DENIAL—DEMURRER.

In an action for breach of a contract to assign certain accounts for discount and collection, defendant denied on information and belief that plaintiff entered into a written agreement and that Exhibit A was a copy thereof, and alleged that such exhibit was only a partial memorandum of the agreement, which was never entered into by plaintiff. Another paragraph, on information and belief, alleged ·that plaintiff never set aside $15,000 for defendant's use, and denied that plaintiff performed, or was ready, willing, and able to carry out, the agreement. Held; that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

while such denials were vague, and subject to a motion to make more definite and certain, they were not demurrable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444-446, 449-452; Dec. Dig. §§ 194, 367.*]

**4. PLEADING (§ 136*)—BREACH.**

In an action for breach of a contract to assign certain accounts for discount and collection, defendant alleged that plaintiff had agreed not to attempt to collect the accounts for 30 days after the assignment, and also to remit immediately to defendant all moneys collected, and alleged that plaintiff had failed to perform such stipulations. *Held*, that such allegations, if sustained, constituted a defense which might not be covered by a general denial, and it was, therefore, proper .to specially plead them.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 284; Dec. Dig. § 136.*]

**5. DAMAGES (§ 37*)—SPECULATIVE DAMAGES.**

In an action for breach of a contract to assign certain accounts, defendant pleaded as a counterclaim that plaintiff agreed to use care in collecting the accounts, so as to avoid giving offense to defendant's customers, and that he failed to do so, causing plaintiff to lose the trade of two customers named, for which damages in the sum of $2,000 was asked. *Held*, that such damages were speculative, and not recoverable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 237-241; Dec. Dig. § 37.*]

**6. PLEADING (§ 146*)—BREACH OF CONTRACT.**

In an action for breach of contract, a counterclaim for moneys collected, in the absence of an allegation that defendant duly performed the contract on his part, was unsustainable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294-296; Dec. Dig. § 146.*]

Appeal from City Court of New York, Special Term.

Action by Ludwig Engel, doing business as Engel & Co. against Christo Georgiades, doing business as Christo Georgiades & Co. From an order sustaining a demurrer to the first defense of defendant's answer and to two counterclaims therein, and in effect striking out the denials in the answer as frivolous, defendant appeals. Demurrers to first and second defenses overruled, sustained as to the first and second counterclaims, and motion for judgment on the pleadings denied.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Philip B. Adams, of New York City, for appellant.
Edward Endelman, of New York City, for respondent.

BIJUR, J. The complaint, in its third paragraph, alleges that the plaintiff and defendant agreed in writing as follows: That the defendant would transfer to the plaintiff all his accounts receivable, to the amount of not less than $15,000, that plaintiff would discount the same at 75 per cent. of their face value, that he would collect the accounts for a compensation of 2½ per cent. of their face value, that he would set aside for the sole use of the defendant the sum of $15,-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

000, and that defendant agreed to pay the plaintiff 6 per cent. per annum on the moneys advanced. The complaint, in paragraph 4, further alleges that the plaintiff did duly perform, and always was and still is ready, able, and willing to carry out, his part of the agreement. Paragraph 5 charges that the defendant failed and refused to assign his accounts as agreed, and to permit the plaintiff to render the service in the collection thereof, wherefore $375 damages (being, no doubt, the 2½ per cent. on $15,000) is demanded. A copy of a letter sent by defendant to plaintiff is annexed to the complaint, as Exhibit A, as "a copy of the aforesaid agreement," and is made a part of the complaint. This letter contains some of the terms mentioned in the complaint (and many others), except the provision that plaintiff is to advance by way of discount 75 per cent. of the face value of the accounts.

[1, 2] The answer, which is inartificially drawn, full of confusing repetition, and unnecessarily prolix, denies, in paragraph 2, on information and belief that *plaintiff* entered into a written agreement, and that Exhibit A is a copy of the aforesaid agreement, and alleges that Exhibit A is only a partial memorandum of the agreement, which was never signed by plaintiff. It also denies (paragraph 3) upon information and belief that plaintiff set aside the sum of $15,000 for defendant's use, and that plaintiff performed, or was ready, willing, and able to carry out, the agreement. It also denies (paragraph 4) *upon information and belief* that defendant refused to assign his accounts. While the latter denial upon information and belief is the denial of a fact undoubtedly within defendant's personal knowledge, and therefore frivolous (see Kirschbaum v. Eschmann, 205 N. Y. 127, 98 N. E. 328), the similar denial of plaintiff's performance and ability and willingness to perform is undoubtedly good, while the form of denial is one sustained in Bennett v. Leeds Mfg. Co., 110 N. Y. 150, 17 N. E. 669.

[3] The denials in respect of the execution of the instrument are vague, and should, no doubt, be made more definite and certain. The denial that *plaintiff* entered into a written agreement, when the paragraph containing that denial is read as a whole, conveys the meaning that the written agreement was not signed by plaintiff, and that it does not contain the entire convention entered into between the parties; and this allegation is supported by the allegations of the complaint itself, which show it to be the fact. While, therefore, the fourth paragraph of the answer raises no issue, the remainder is good.

[4] The first separate defense avers in substance that plaintiff had also agreed not to attempt to collect the accounts assigned until 30 days from the date of the assignment, and had made other similar stipulations, as also one to the effect that plaintiff would remit immediately to defendant all moneys which it collected. It is also alleged that plaintiff has failed to carry out these stipulations. These allegations, if sustained, constitute a defense that might not be covered by a general denial. Plaintiff cannot recover damages for defendant's breach of a contract which plaintiff has himself broken. This defense, therefore, should stand.

The second defense, in substance, alleges that the contract between

the parties was usurious, and, as it has been allowed to stand by the court below, need not be discussed.

[5] The first counterclaim alleges that plaintiff was to use great care and caution in collecting accounts, so as to avoid giving offense to defendant's customers. It alleges negligence and abuse on plaintiff's part in this regard, and that thus the trade and custom of two customers, named, has been lost to the defendant, for which damages in the sum of $2,000 are asked. It seems to be quite apparent, apart from other possible infirmities ·in the counterclaim, that these damages, upon the allegations as set forth, are too speculative to be recovered. See Wakeman v. Wheeler & Wilcox Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676.

[6] The second counterclaim is for the moneys collected on two of the accounts hereinabove referred to, aggregating $15.09. It is trivial, and, as there is no plea of due performance of the contract by defendant, there is no cause of action pleaded.

The order appealed from should, therefore, be modified as follows:

The demurrers to the first and second separate defenses, respectively, are overruled, the demurrer to the first and second counterclaims are sustained, and the motion for judgment on the pleadings, on the ground that the answer, other than the separate defenses and counterclaims, is frivolous, is denied, without costs either of the motion or of this appeal. All concur.