### HYLAND v. MONTGOMERY.

(Supreme Court, Special Term, New York County. December, 1914.)

PLEADING (§ 360*)—ANSWER—INFORMATION AND BELIEF—MATTERS WITHIN PERSONAL KNOWLEDGE.

The remedy of plaintiff against an answer containing denials and allegations upon information and belief, concerning matters presumptively within the personal knowledge of the defendant, is not by motion under Code Civ. Proc. § 537, to strike the answer as frivolous, but by motion under section 538 to strike it as a sham, under which motion the defendant would have an opportunity to show that he acted in good faith in making his answer on information and belief.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146; Dec. Dig. § 360.*]

Action by William J. Hyland against William R. Montgomery. On motion for an order overruling the answer as frivolous, and for judgment thereon. Denied.

John P. Duff, of New York City, for the motion.
Edward J. Welch, of New York City, opposed.

GIEGERICH, J. The action is upon a promissory note for $5,000, secured by a bond and mortgage for $10,000 as collateral. The answer admits the allegations of the complaint as to the making and delivery

of the note, but upon information and belief denies the allegation of nonpayment and that the plaintiff tendered the bond and mortgage in question and demanded payment of the note and that payment was refused. The answer also alleges upon information and belief the payment of $500 by the defendant and the assignment by him of all his right, title, and interest in and to the bond and mortgage to the plaintiff in full settlement, payment, and satisfaction of the note, and that said assignment was accepted by the plaintiff as such. The plaintiff moves for an order overruling the answer as frivolous, and for judgment.

Undoubtedly the plaintiff has a grievance. The defendant ought to know positively whether or not he has paid the note, and whether or not the bond and mortgage has been tendered to him and payment demanded, all of which allegations he has denied on information and belief. So, also, he ought to know whether or not he has made an assignment of the bond and mortgage to the plaintiff in full settlement, and the other matters affirmatively alleged in his answer. It may be, however, as pointed out in Kirschbaum v. Eschmann, 205 N. Y. 127, 134, 98 N. E. 328, that the defendant can establish his good faith in employing the form of pleading he has, as, for example, by showing that the acts referred to were performed on his behalf by some authorized agent, and that the defendant in fact has not personal knowledge, and so is within his rights in pleading on information and belief. But, while the plaintiff has a grievance, it would seem that he has mistaken his remedy. He moves against the pleading as frivolous, under section 537 of the Code of Civil Procedure, and asks for judgment, instead of moving under section 538, and asking that the answer be stricken out as a sham. In Harley v. Plant, 210 N. Y. 405, at page 412, 104 N. E. 946, at page 948, in a case similar to this, the court said:

"A motion made under section 538 would enable the party moved against to prove, if possible, that the pleading or the answer or defense, presumptively false, was in fact valid, and is the proper method of testing an alleged defect of that description."

The motion is denied, with $10 costs to abide the event. Settle order on notice.