George Cook, Plaintiff, *v.* Darius Broughton et al., Defendants.

(Supreme Court, Steuben Special Term, January, 1918.)

Pleading — complaint — foreclosure of mortgages — frivolous answer — judgments — motions and orders.

> In an action to foreclose a mortgage given by defendant, an answer which after a denial upon information and belief of each and every allegation of the complaint alleges upon information and belief that on a certain date he by his agent, naming him, offered and duly tendered to the attorney and agent of plaintiff, naming him, the full amount due on the alleged bond and mortgage together with interest to date is frivolous on its face, and plaintiff's motion for an order overruling the answer as frivolous and for judgment on the pleadings will be granted.

Motion by plaintiff for an order overruling defendants' answer as frivolous and for judgment on the pleadings.

Burrell & Simpson, for plaintiff.

J. B. Hargrave, for defendants.

CLARK, J. This is an action brought to foreclose a mortgage given by the defendant Darius Broughton to one Clossey to secure the payment of the sum of $931,73, the said mortgage having been given to secure part of the purchase price of a portion of the premises described therein, and it having been duly transferred to plaintiff before the commencement of this action.

It appears from the complaint that defendant Darius Broughton has paid part of the sum secured by said mortgage, to-wit: $300, leaving an unpaid balance of $631.73, with interest from April 1, 1916.

The defendant Darius Broughton answers the complaint and alleges as follows: *First.* " That upon information and belief, denies each and every allegation in said complaint."

Further answering the said complaint defendant alleges upon information and belief that on the 10th day of July, 1917, " The defendant by his agent, A. J. Jones, offered and duly tendered to L. J. Simpson, the attorney and agent of the plaintiff, the full amount due on said alleged bond and mortgage, together with interest thereon to said date  *   *   *."

The giving of this mortgage was a personal transaction with the defendant Darius Broughton, and he certainly has personal knowledge of it and whether or not the mortgage was ever given. Under the circumstances defendant's denial of the execution of this mortgage in the form adopted is no denial at all. Defendant knows whether or not he executed the mortgage, and to permit him to come in when he has that knowledge and say by his answer " that upon information and belief he denies each and every allegation of

the complaint '' would be making something of a farce of the whole proceeding.  A defendant cannot be permitted to deny his own personal transactions on information and belief.

The answer in the form adopted here being an attempt to deny on information and belief a transaction of which the answering defendant had full knowledge, it being a personal transaction with him, raises no issue whatever, and is, therefore, frivolous.

Moreover, by the 2d paragraph of the defendant's answer, he alleges that he tendered payment of the very mortgage that by the 1st paragraph of his answer he attempts on '' information and belief '' to deny that he ever made.  Nothing more is needed to show from the pleading itself that it is frivolous, and it fully raises the inference that it was not made by defendant in good faith.  *Rochkind v. Perlman,* 123 App. Div. 808; 1 Ency. Pl. & Pr. 811; *City of New York* v. *Matthews,* 180 N. Y. 41; *Preston* v. *Cuneo,* 140 App. Div. 144; *Dahlstrom* v. *Gemunder,* 198 N. Y. 449.

Defendant urges that at any rate judgment cannot be directed on the pleading under section 537 of the Code of Civil Procedure, for the reason that he pleads a tender of payment, but in this he is in error.  He pleads merely a legal conclusion, and no facts whatever that constitute a tender.

The answer being upon its face frivolous, and raising no issue whatever, plaintiff could properly apply for judgment on the pleadings.  Code Civ. Pro. § 537.

This motion is granted, the answer is overruled as frivolous, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with ten dollars costs.

Ordered accordingly.