GEORGE COOK, Respondent, *v.* DARIUS BROUGHTON, Appellant, Impleaded with CORA BROUGHTON and Others, Defendants.

Fourth Department, May 1, 1918.

Pleading — answer in foreclosure suit — denial of allegations of complaint coupled with allegations of tender of payment — answer not frivolous — denials on information and belief.

A verified answer in a suit to foreclose a mortgage on real estate which denies on information and belief all the allegations of the complaint and further alleges on information and belief that the defendant by his agent tendered the amount due on the mortgage to the plaintiff's attorney who refused to accept the same, cannot be held to be frivolous as a matter of law even though it involves allegations that the defendant offered to pay the amount due on a mortgage which he believes he never made.

A denial of the allegations of the complaint may be made on information and belief although not expressly sanctioned by the Code of Civil Procedure.

APPEAL by the defendant, Darius Broughton, from an order of the Supreme Court, made at the Steuben Special Term and entered in the office of the clerk of the county of Steuben on the 2d day of February, 1918, declaring the answer of the defendant to be frivolous and directing judgment for the relief demanded in the complaint.

*James B. Hargrave* [*James O. Sebring* of counsel], for the appellant.

*Burrell & Simpson* [*Almond W. Burrell*], for the respondent.

KRUSE, P. J.:

The action is for the foreclosure of a mortgage covering certain real estate and the enforcement of the collection of the bond accompanying the same. The judgment demanded and directed is the usual judgment of foreclosure and sale and the payment of the deficiency by the defendant Darius Broughton, who, it is alleged in the complaint, made the bond. The complaint is verified. The answer of the defendant Darius Broughton denies upon information and belief each and every allegation of the complaint and as a further defense alleges likewise upon information and belief that on or about the 10th day of July, 1917, the defendant, by his agent, offered and duly tendered to L. J. Simpson, the attorney and agent of the plaintiff, the full amount due on said alleged bond and mortgage with all interest due thereon to said date and that said Simpson refused to take the same stating "that he wanted the job of closing said mortgage." The answer purports to be verified by the defendant in the usual form, stating that he has read it and knows the contents thereof; that the same is true of his own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true. How he can truthfully swear that he has been informed and believes his agent offered to pay the full amount due upon a bond and mortgage which he believes he never made we do not know. The statement seems incredible, yet I think we cannot so hold as a matter of law. A person may honestly believe he never made an obligation, and if he did, that it has been paid, or even be willing to pay a forged obligation. Perhaps

the defendant may be able to explain on the trial what grounds he has for his belief or how he came to make the verification. The learned judge at Special Term was of the opinion that the answer of tender or offer to pay was defective in stating conclusions and not enough facts. (102 Misc. Rep. 260.) However that may be, I think the general denial in the answer was sufficient in law and that the direction for judgment upon the ground that the answer was frivolous cannot be sustained. While section 500 of the Code of Civil Procedure does not seem expressly to authorize a denial upon information and belief (*Childs* v. *Childs*, 150 App. Div. 656, 660), the rule is well settled that such a denial is permissible and an answer in that form which puts in issue the material allegations of the complaint may not be disregarded as frivolous. (*Bennett* v. *Leeds Mfg. Co.*, 110 N. Y. 150; *Wood* v. *Raydure*, 39 Hun, 144; *Rockowitz* v. *Siegel*, 151 App. Div. 636.)

The order should, therefore, be reversed and the application for judgment upon the ground that the answer is frivolous be denied.

All concurred.

Order reversed, with ten dollars costs and disbursements, and application for judgment denied.