NATIONAL MILLWORK CORPORATION
v. PREFERRED MUT. FIRE INS. CO.
OF CHENANGO COUNTY et al.
No. 388.

District Court, E. D. New York.
Aug. 17, 1939.

Samuel R. Schneider, of New York City, for plaintiff.

Powers, Kaplan & Berger, of New York City, for defendants.

CAMPBELL, District Judge.

This is a motion to strike out paragraphs numbered Second and Fifth of defendants' answer under Rule 12(f) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, and to strike out paragraphs numbered 2nd and 5th of defendants' answer under Rule 8(e)(1) and Rule 10(b) of the Rules of Civil Procedure for the District Courts of the United States, or, in the alternative, for an order directing the defendants to serve an amended answer omitting the matter set forth in paragraph numbered (1) hereof, and for a Bill of Particulars pursuant to Rule 12(e) of the Rules of Civil Procedure for the District Courts of the United States setting forth: (a) Each and every respect in which the plaintiff herein did not perform the conditions of the policies and did not comply with the conditions thereof, as alleged in paragraph numbered Seventh of the defendants' first, separate and distinct defense; (b) each and every statement claimed to have been false and fraudulently made by the plaintiff, as alleged in paragraph numbered Twelfth of defendants' second separate and distinct defense.

Two alleged causes of action are found in the complaint, each being based upon policies of fire insurance in the standard form of the State of New York, issued by the respective defendants to the plaintiff in this action.

The answer of the defendants contains a general denial of the material allegations.

of the amended complaint, and makes certain admissions of the allegations thereof. The answer also contains three separate defenses upon information and belief, namely: (1) That plaintiff filed papers purporting to be proofs of loss which were false. (2) That plaintiff made false statements upon an examination under oath conducted pursuant to the terms and conditions of the defendants' policies of insurance. (3) That the papers purporting to be proofs of loss filed with the defendants were not in accordance with the conditions of the policy because they failed to set forth the cash value of each item claimed to have been lost or damaged and the amount of loss or damage thereto by the fire referred to in the alleged proofs of loss.

As the denials and admissions contained in paragraphs numbered Second and Fifth of defendants' answer are substantially similar by reason of the fact that each of the alleged causes of action contained in the amended complaint are pleaded alike, except for the difference in policy numbers and amount claimed, therefore, whatever I may say with reference to either cause of action applies with equal force to the other.

Plaintiff moves under Subdivision (1) of its moving papers to strike out paragraphs numbered Second and Fifth of the answer pursuant to Rule 12(f) of the Rules of Civil Procedure, on the ground that these paragraphs contained matter which is sham, in that denials upon information and belief are contained therein as to matters necessarily, or presumptively within the knowledge of the defendants.

Subdivision (f) of Rule 12 does not use the word "sham", but provides for the striking out where the matter complained of is "redundant, immaterial, impertinent or scandalous".

It would seem to me, however, that on behalf of plaintiff, it is contended that because denials are made upon information and belief, they are sham. That, however, is not so.

The defendants are corporations and, therefore, were obliged to answer by an officer, and he of necessity, unless he had personal knowledge, which is rarely the case, was obliged to depend upon information he had received from subordinates, and it does not follow that any officer of a corporation would have personal knowledge and, therefore, any pleading by a corporation, which can not verify it, must of necessity, be done by an officer, and is properly done by him upon information and belief. Kirschbaum v. Eschmann, 205 N.Y. 127, 98 N.E. 328; Hopkins v. Meyer, 76 App.Div. 365, 78 N.Y.S. 459; Bennett v. Leeds Manufacturing Co., 110 N.Y. 150, 151, 17 N.E. 669; Rockowitz v. Siegel, 151 App.Div. 636, 136 N.Y.S. 192.

Plaintiff cites in support of its contention that paragraphs Second and Fifth of the defendants' answer are sham, because the denials were made on information and belief, the following cases; Dahlstrom v. Gemunder, 198 N.Y. 449, 92 N.E. 106, 19 Ann.Cas. 771; Harley v. Plant, 210 N.Y. 405, 104 N.E. 946; Tauber v. National Surety Co., 219 App.Div. 253, 219 N.Y.S. 387 and Hyland v. Montgomery, 88 Misc. 295, 150 N.Y.S. 613, which are clearly distinguishable.

The first three of those cases support the contention raised therein, that a denial of knowledge or information, sufficient to form a belief as to matters of public record or other matters presumptively within knowledge, is improper.

The last of the said cases cited, Hyland v. Montgomery, is not an authority in support of the plaintiff's contention, as in that case, it is stated that if the acts that are alleged on information and belief, are such as were performed on behalf of a party by an agent, then the party has no personal knowledge and is within his rights in pleading matters upon information and belief.

There is a clear distinction between pleading upon information and belief, and the plea that one denies any knowledge or information sufficient to form a belief, and while the former is good pleading, where the defendant is a corporation, even though the officer was in a position to know the facts, Hopkins v. Meyer, supra, the latter is not good pleading, if he had sufficient information on which to form a belief, but, it is to be observed that the pleading complained of herein, is, upon information and belief.

While it is true that in paragraphs Second and Fifth of the answer, the defendants do not substantially deny the allegations contained in certain paragraphs of the complaint, they do deny the allega-

tions as pleaded, and defendants are not compelled to adopt plaintiff's manner of pleading, by admitting the same.

It does not seem to me that any confusion results, but, on the contrary, the answer clearly shows what facts are admitted, but does not admit them in the manner alleged by the plaintiff.

Plaintiff's contention that paragraphs Second and Fifth of the defendants' answer, are not simple, concise and direct, does not seem to me to be sustained.

I have compared the allegations of the answer with the allegations of the amended complaint, and I have found no difficulty in determining what allegations of the complaint have been admitted, and what allegations of the complaint have been denied. Rule 8(e)(1) of the Rules of Civil Procedure provides: "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required." This, in my opinion, defendants have done.

Plaintiff further moves to strike out paragraphs Second and Fifth of the defendants' answer, as not complying with Rule 10(b), which reads as follows: "Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth."

The answer contains denials and defenses.

The defenses are set forth in numbered paragraphs and are limited as far as practicable to a statement of a single set of circumstances.

The denials are set forth in numbered paragraphs, and those referred to are the Second and Fifth.

■ The first portion of the rule obviously refers to averments of the complaint, or defenses pleaded in the answer, and not to denials and the second portion excludes denials.

Rule 8(b) reads as follows: "Defenses; Form of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. * * * Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but, when he does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial subject to the obligations set forth in Rule 11."

A comparison of paragraph Second and Fifth of the answer with the amended complaint convinces me that defendants' answer is in compliance with the provisions of Rule 8(b).

Plaintiffs' demand for a bill of particulars is based upon Rule 12(e), which, in so far as is necessary for consideration in the case at bar, reads as follows: "Motion for More Definite Statement or for Bill of Particulars. Before responding to a pleading or, if no responsive pleading is permitted by these rules, within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading or to prepare for trial. The motion shall point out the defects complained of and the details desired."

The plaintiff has failed to point out any defects in the answer which would prevent the plaintiff from properly preparing its case for trial.

■ The defenses alleged in this case are merely permissive defenses and plaintiff is not entitled to a bill of particulars as to them, as I held in Rockwood Co. v. Northwestern Fire & Marine Ins. Co., D.C., 26 F.2d 824.

The plaintiff is not entitled to a bill of particulars as to each and every respect in which the plaintiff did not perform the conditions of the policies and did not comply with the conditions thereof, as alleged in paragraph Seventh of the answer, as defendants have sufficiently stated the same in said paragraph Seventh.

Plaintiff's demand for a bill of particulars of each and every statement claimed

to have been falsely and fraudulently made by the plaintiff, as alleged in paragraph numbered Twelfth of the second defense, will not be required for the reason that reading paragraphs Eleventh and Twelfth together, it appears that sufficient particulars have been given.

The motions are denied.